JUDGE SWEET

Rory J. Radding (RR 4042)
David I. Greenbaum (DG 6232)
Jennifer L. Dereka (JD 1577)
EDWARDS WILDMAN PALMER LLP
750 Lexington Avenue
New York, New York 10022
212.308.4411

*Attorneys for Plaintiff Ritani, LLC*

**11 CIV 8928**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

RITANI, LLC,                          :

          Plaintiff,        :   Index No.

    -against-                        :

HAROUT AGHJAYAN; HAROUT R, LLC; H.    :   **COMPLAINT**
RITANI, INC.; H. RITANI, LLC; H. RITANI,
CORP.; and AMAZING SETTINGS, LLP      :

      Defendants.          :

------------------------------------ X



    Plaintiff Ritani, LLC, complaining of Defendants Harout Aghjayan; Harout R, LLC; H.

Ritani, Inc.; H. Ritani, LLC; H. Ritani, Corp.; and Amazing Settings, LLP, by Edwards Wildman

Palmer LLP, its attorneys, respectfully alleges:

### NATURE OF THE ACTION

    1.    This is an action for: (a) copyright infringement in violation of 17 U.S.C. §§ 101

and 501, et seq.; (b) federal trademark infringement under Section 43 of the Lanham Act, 15

U.S.C. § 1114(a), et seq.; (c) unfair competition, false designation of origin and false and

misleading representations in commerce in violation of Section 43 of the Lanham Act, 15 U.S.C.

§ 1125(a); (d) false advertising under the Lanham Act, 15 U.S.C. § 1125(a); (e) false advertising

under the common law; (f) common law trademark infringement; (g) common law unfair

competition; (h) trademark dilution under the laws of the State of New York; (i) deceptive acts and practices under the laws of the State of New York; (j) common law misappropriation of trade secrets; (k) tortious interference with business advantage; (l) breach of the implied covenant not to solicit and reduce business goodwill under New York State Law; (m) breach of contract and common law noncompetition; (n) unjust enrichment; (o) breach of the duty of loyalty and breach of fiduciary duty; (p) breach of the implied duty of good faith and fair dealing; and (q) constructive trust.

## THE PARTIES

2.     Plaintiff Ritani, LLC is a corporation of the State of New York, with offices at 30 Dr. Martin Luther King Jr. Blvd., White Plains, New York 10601.  Ritani, LLC is a highly successful designer, manufacturer and distributor of high-end jewelry.

3.     Defendant Harout Aghjayan (hereafter "Aghjayan") is an individual having, upon information and belief, a residence at 101 Carlson Court, Closter, NJ 07624, and is the conscious and actual force behind, and is directly responsible for, the wrongful acts set forth herein.

4.     Defendant Harout R, LLC (hereafter "Harout R"), is a corporation of the State of New Jersey, with offices at 101 Carlson Court, Closter, NJ 07624.  Defendant Harout R is a designer, manufacturer and distributor of jewelry, and, upon information and belief, is wholly owned by Defendant Aghjayan.

5.     Defendant Amazing Settings LLP (hereafter "Amazing Settings") is a corporation of the State of New Jersey, with offices at 101 Carlson Court, Closter, NJ 07624.  Based upon information and belief, Defendant Amazing Settings is a designer, manufacturer and distributor of jewelry.  Defendant Amazing Settings is, upon information and belief, wholly owned by Defendant Aghjayan.

6.     Defendant H. Ritani, Inc. is a corporation of the State of New York which, upon information and belief, has offices at 115 River Road, Suite 110, Edgewater, NJ 07020.  Upon information and belief, Defendant H. Ritani, Inc. is wholly owned by Defendant Aghjayan.

7.     Defendant H. Ritani, Corp. is a corporation of the State of New York which, upon information and belief, has offices at 2 West 45th Street, Room 305, New York, New York 10036.  Defendant H. Ritani Corp. is, upon information and belief, wholly owned by Defendant Aghjayan.

8.     Defendant H. Ritani, LLC was a corporation of the State of Delaware and is now listed as inactive by the Secretary of State of Delaware and is presently listed as an active foreign corporation by the Secretary of the State of New York.  Upon information and belief, H. Ritani, LLC has offices at 2 West 45th Street, New York, New York 10036.  Defendant H. Ritani, LLC is, upon information and belief, wholly owned by Defendant Aghjayan.

## JURISDICTION AND VENUE

9.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1332, 1338(a) and (b); 15 U.S.C. §§ 1114, 1116 - 1118, 1121, and 1125(a) and (c) and 17 U.S.C. §§ 101 and 501 et seq. in that this is an action, inter alia, for trademark infringement and copyright infringement.

10.    Venue is proper pursuant to 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## BACKGROUND FACTS

11.    Defendant Aghjayan founded and wholly owned Defendant H. Ritani, Corp. in 1996 to manufacture and distribute high-end jewelry under the trademark RITANI.  In 2002, Defendant Aghjayan sold the business of H. Ritani, Corp., including all the assets and the

goodwill, to Plaintiff Ritani, LLC.  From 2002 on, following that sale, Defendants have engaged

in a pattern of behavior that <u>inter alia</u> damages the goodwill transferred to Plaintiff in connection

with that sale.  Specifically, while employed as Plaintiff's President, Chief Executive Officer and

chief designer, Defendant Aghjayan took advantage of his position to access and subsequently

use Ritani, LLC's trade secrets and other confidential and/or proprietary information, as well as

Plaintiff's trademarks and copyrighted jewelry designs, to establish and operate Harout R, LLC;

H. Ritani, LLC; H. Ritani, Inc.; and Amazing Settings, LLP and to continue to operate H. Ritani,

Corp. and H. Ritani, LLC (collectively "Defendant Companies"), to directly compete with and

solicit customers from Plaintiff Ritani, LLC.  This conduct by Defendants has resulted in

significant harm to the business reputation and goodwill of Plaintiff Ritani, LLC and has

damaged its business relations with its customers and prospective customers.

## CREATION AND OPERATION OF PLAINTIFF RITANI, LLC

12.     On information and belief, in 1996 Defendant Aghjayan, through his wholly

owned corporation H. Ritani, Corp., began doing business as a manufacturer and distributor of

high-end designer jewelry sold under the trademark RITANI.

13.     In or about March of 2002, Defendant Aghjayan and H. Ritani Corp. needed an

infusion of cash and managerial support and entered into negotiations with Julius Klein

Diamonds, LLC ("JK" or "Klein Group") and For Krunch, LLC ("Krunch") for the sale of all of

H. Ritani, Corp.'s assets.

14.     On March 26, 2002, Defendant Aghjayan, H. Ritani, Corp, the Klein Group and

Krunch executed a series of five agreements for valuable consideration.  By these Agreements,

Defendants Aghjayan and H. Ritani, Corp. agreed to sell the business consisting of all of the

right, title and interest in and to the assets of H. Ritani, Corp., including all of its copyrights,

trademark rights and all other intellectual property rights, as well as goodwill, to a newly formed entity, Plaintiff Ritani, LLC, owned jointly by Defendants Aghjayan and H. Ritani, Corp., the Klein Group and Krunch.

15.     As part of the formation of Ritani, LLC, the parties entered into a "Membership Interest Purchase Agreement" dated March 26, 2002. (**Exhibit 1**).  Under this contract, Defendant Aghjayan sold to Plaintiff Ritani, LLC, for the aggregate purchase price of $2,628,000 (*Id.* at Section 1.1) his 44% membership interest in Ritani, LLC, as well as all right, title and interest in and to the intellectual property of H. Ritani, Corp., the trademark RITANI and other trademarks, copyrighted Ritani jewelry designs, the "[d]esign, concept and content of the Ritani website" and "all of the goodwill associated with the business of [H.] Ritani [Corp.]." (*Id.* at ¶¶ 3.12 and 3.13 and attached Schedules).

16.     On that same date, Defendants Aghjayan and H. Ritani, Corp. and Plaintiff Ritani, LLC also entered into a "Contribution Agreement" (**Exhibit 2**), whereby H. Ritani, Corp. and its sole shareholder, Defendant Aghjayan, confirmed their sale of the "Contributed Assets" to Plaintiff Ritani, LLC in exchange for H. Ritani Corp.'s receipt of a membership interest in the newly formed company.  As with the Membership Agreement, the Contribution Agreement recited Defendants' assignment of intellectual property, including the trademark RITANI and other trademarks, copyrighted Ritani jewelry designs, and "[a]ll of the goodwill associated with the business of [H.] Ritani [Corp.]." (*Id.* at Schedule 1).

17.     On March 26, 2002, Defendant H. Ritani, Corp. and Plaintiff Ritani, LLC also executed an "Assignment and Assumption Agreement" (**Exhibit 3**) confirming H. Ritani, Corp.'s sale, transfer and assignment of all of its right, title and interest in and to the properties listed in

the Contribution Agreement to Plaintiff Ritani, LLC for Plaintiff's "own use and benefit forever from the date hereof." *Id.* at ¶2.

18.      Also, on March 26, 2002, JK, Krunch, and Defendants Aghjayan and H. Ritani, Corp. entered into an Operating Agreement (the "'02 Operating Agreement") (**Exhibit 4**), which inter alia recited the Profit/Loss percentage of each of the members of Ritani, LLC as follows: JK 10%; Krunch 5.0%; Defendant Aghjayan 44% and H. Ritani, Corp. 41%. (**Exhibit 4** at Exhibit B). In addition, JK and H. Ritani, Corp. each possessed 50% voting rights. *Id.* at Exhibit C. The '02 Operating Agreement also references Klein's agreement to pay Defendant Aghjayan a purchase price for his 44% interest in Ritani, LLC in accordance with the terms of the Membership Interest Purchase Agreement. *Id.* at p. 4.

19.      The terms of the '02 Operating Agreement also required Defendant Aghjayan to concurrently execute an employment agreement appointing him Chief Executive Officer and President of Plaintiff Ritani, LLC. (see § 4.2.1). Accordingly, on that same date, Defendant Aghjayan entered into an "Employment Agreement" (the "'02 Employment Agreement") (**Exhibit 5**) with Plaintiff Ritani, LLC, which stated his duty to render "exclusive services as Chief Executive Officer" for Ritani, LLC and to perform such services "to further the business and affairs of Employer." *Id.* at § 1(b).

20.      Specifically, Paragraph 6 of the '02 Employment Agreement precluded Defendant Aghjayan from disclosing any Confidential Information, including but not limited to, trade secret information, even if it was "conceived, originated, discovered or developed" by Defendant Aghjayan. (**Exhibit 5**). The Agreement further stated that Defendant Aghjayan could not "use, license, sell, convey or otherwise exploit any Confidential Information, or any portion thereof, during the Employment Term hereof and at all times thereafter for any purpose other than solely

for the benefit of Employer." *Id.* As part of the '02 Employment Agreement, Defendant Aghjayan also was prevented from competing with Ritani, LLC during his Employment Term and for one year thereafter. *Id.* at ¶6(b).

21.     The '02 Operating Agreement was amended on December 16, 2002 to reflect a change in voting power. (**Exhibit 6**). In addition, a Second Amendment was entered into on May 30, 2003 to show a change in the Profit/Loss Percentages as follows: [H.] Ritani, Corp. 41%, JK 40% and Krunch 19%. (**Exhibit 7**).

22.     Subsequently, on November 1, 2004, JK, Krunch, and Defendant H. Ritani, Corp., by Defendant Aghjayan, entered into an "Amended and Restated Operating Agreement" ("the '04 Operating Agreement") (**Exhibit 8**), which reflected, among other things, a change in the Profit/Loss Percentages of JK and H. Ritani, Corp., changes in the management of Ritani, LLC and changes to the business agreement of the members since the '02 Operating Agreement. By the terms of the '04 Operating Agreement, JK's ownership was increased to 55%, H. Ritani, Corp.'s interest was reduced to 26% and Krunch's interest remained at 19%. *Id.* at Exhibit B.

23.     On November 1, 2004, Defendant Aghjayan also entered into a new "Employment Agreement" ("'04 Employment Agreement") and a "Consulting Agreement" with Ritani, LLC. (collectively **Exhibit 9**). By the terms of his Employment Agreement, Defendant Aghjayan agreed to continue on as Ritani, LLC's President and Chief Executive Officer and to take on additional responsibilities as Ritani, LLC's Chief Operating Officer, as well as to supervise and assist Ritani, LLC in product design and marketing until October 31, 2009. *Id.* at ¶1(c) and (d). With respect to the Consulting Agreement, H. Ritani, Corp., through Defendant Aghjayan, agreed to be a Consultant for Ritani, LLC, and to provide such services including, without limitation, designs for Ritani, LLC's jewelry lines. *Id.* at ¶1. The Consulting Agreement

was to remain in effect through August 31, 2009 with an automatic one year renewal provision that continues until Defendant Aghjayan is no longer with Ritani, LLC or the Agreement is terminated by written notice. *Id.* at ¶3.

24.    With respect to the treatment of Confidential Information, the '04 Employment Agreement provides the same terms and conditions as the '02 Employment Agreement (**Exhibit 5**), including a non-compete clause, which extended through Defendant Aghjayan's Employment Term plus one year thereafter, and the reiteration of Defendant's duty not to disclose Plaintiff's confidential information. (**Exhibit 9** at ¶6). Specifically, under the '04 Employment Agreement, Defendant Aghjayan was prohibited from using any Confidential Information, even if conceived or developed, in whole or in part by Defendant Aghjayan, for any purpose other than for the sole benefit of Ritani, LLC – both during and at all times following his employment. *Id.*

25.    Thereafter, on August 29, 2007, Defendant H. Ritani, Corp., by its owner Defendant Aghjayan, assigned, via an Assignment Agreement (**Exhibit 10**), its entire remaining membership interest in Plaintiff Ritani, LLC to JK. As a result, Defendant H. Ritani, Corp. transferred to JK all of its right, title and interest in the capital and profits of Ritani, LLC, including all of its voting and management rights.

26.    On August 29, 2007, the 2002 Membership Interest Purchase Agreement was also amended to, among other things, confirm JK's purchase of all of H. Ritani, Corp's membership interest in Ritani, LLC. (**Exhibit 11**). In addition, Section 5.2 of the 2007 Amendment entitled "Rights to the 'Ritani' Name" states that Plaintiff Ritani, LLC "shall maintain all right, title and interest in the name 'Ritani,' or any other similar name, together with the goodwill of the business connected with and symbolized by such name." This section also provides that Defendants Aghjayan and H. Ritani, Corp. "shall not, directly or indirectly, use the name

'Ritani,' or any other similar name, in connection with any business or operation conducted by them anywhere in the world that is competitive, directly or indirectly," with the business of Plaintiff Ritani, LLC for so long as Plaintiff "continues to engage in the manufacture, distribution and/or sale of jewelry." *Id.*

27.      The total purchase price of Defendants Aghjayan and H. Ritani, Corp.'s assets and interests by JK was several million dollars.

28.      During the last two months of Defendant Aghjayan's employment with Plaintiff Ritani, LLC, Defendant Aghjayan created ring designs for Plaintiff and produced them as wax models.

29.      On November 1, 2009, following six months of contract negotiations, Defendant Aghjayan resigned from his employment at Plaintiff Ritani, LLC.  Pursuant to the '04 Employment Agreement, Defendant Aghjayan was obligated not to compete with Plaintiff in the jewelry industry until October 31, 2010 – one year following the date of his resignation. **(Exhibit 9** at ¶6).

30.      However, following his departure from Plaintiff Ritani, LLC, and while the non-compete provision remained in effect, Defendant Aghjayan established two companies to design, manufacture and distribute his jewelry products – Defendant Amazing Settings on November 9, 2009 and Defendant Harout R, LLC on September 13, 2010.  Upon information and belief, Defendant Aghjayan has also continued to operate Defendants H. Ritani, LLC and H. Ritani, Corp. in furtherance of his jewelry business.  In addition, Defendant Aghjayan purchased a factory in China and continued to use his 3D printing machine to produce jewelry products. Based upon information and belief, through Defendant Aghjayan's establishment and operation of Defendant Companies, Defendants have and continue to compete with Plaintiff Ritani, LLC

by advertising, marketing and selling jewelry protected by Plaintiff's intellectual property rights, and to solicit jewelry orders from former H. Ritani, Corp. and Ritani, LLC customers without the consent of Plaintiff.

31.     In addition, prior to the expiration of his non-compete term, Defendant Aghjayan approached Plaintiff Ritani, LLC seeking an amendment to the non-compete provision of the '04 Employment Agreement.  During the two month negotiation, Defendant Aghjayan expressed a sense of urgency to shorten the non-compete period, due to production in his China facility, of what Plaintiff believed to be large quantities of non-competitive jewelry findings and castings. However, based upon information and belief, in reality, Defendant Aghjayan was anxious to end his competitive restriction so that he could deliver finished jewelry products, which he had already manufactured and sold to a number of United States companies during the non-compete period, including but not limited to, a jeweler in Florida.

32.     Subsequently, on October 20, 2010, Defendant Aghjayan entered into a letter agreement ("Letter Agreement") with Plaintiff Ritani, LLC (**Exhibit 12**) amending the blanket non-compete provision in the '04 Employment Agreement to end two weeks early, on October 14, 2010.  Believing Defendant Aghjayan's assurances that he would not enter into the competing jewelry field, Plaintiff Ritani, LLC agreed to grant Defendant Aghjayan's request. Plaintiff did so in order to end the partnership with Defendant Aghjayan on good terms and in return for Defendant Aghjayan's agreement not to sell jewelry to any current Ritani, LLC customer through December 31, 2010 and to refrain from attending the January/February 2011 Centurian Show.  *Id.*  In addition, while Plaintiff understood that Defendant Aghjayan had engaged in casual conversations with a few potential non-Ritani customers, it was Plaintiff's

belief that these discussions pertained to non-competing products, such as castings and findings, and were in no way related to Plaintiff's business.

## INTELLECTUAL PROPERTY RIGHTS OF PLAINTIFF RITANI, LLC

33.    Plaintiff Ritani, LLC is a highly successful designer, manufacturer and distributor of high end designer jewelry offered for sale under the world famous RITANI brand.

34.    Upon its formation in 2002, Plaintiff Ritani, LLC acquired all rights, title, and interest in and to the business, assets and goodwill of its predecessor H. Ritani, Corp., including all rights to the trademark RITANI and its jewelry designs as well as its customers.  Immediately upon formation of the partnership, Ritani, LLC transitioned from H. Ritani, Corp.'s prior use of the H. RITANI brand to the RITANI brand alone.  Today the RITANI brand is synonymous with luxury and high-quality craftsmanship and consumers and the trade instantly identify Plaintiff Ritani, LLC as the source of all jewelry bearing the RITANI name and marks.

35.    Further, starting around 2002, and continuously thereafter, Plaintiff Ritani, LLC created and began using, promoting and selling jewelry with a distinctive three-leaf design (the "Three-Leaf Trademark").  (**Exhibit 13**).  The Three-Leaf Trademark is prominently displayed on Ritani, LLC's warranty cards that accompany its jewelry, on its jewelry display cases at the point-of-sale, on advertisements and brochures, as well as on all of Plaintiff's letterhead, sales orders, tee-shirts, stationary, business cards and shipping envelopes.  (See examples at **Exhibit 14**).  The Three-Leaf Trademark is also a principal feature of Ritani's ICON jewelry line. (**Exhibit 15**).

36.    From January 2008 to the present, Plaintiff Ritani, LLC has also used an **R** as a favicon on the Ritani, LLC website in order to identify the RITANI brand to all customers and

prospective customers that view Ritani, LLC's products on-line.[1]

37.     From the very beginning of the introduction of Plaintiff's trademarks RITANI and the Three-Leaf Trademark (collectively, the "RITANI Trademarks"), Plaintiff Ritani, LLC has caused its trademarks to be extensively advertised in the United States by means of its website, magazines, sales to the trade, and sales to consumers.

38.     Plaintiff Ritani, LLC's trademarks are intimately associated with its goods and services, serving to indicate source, and its goods and services are known by the RITANI Trademarks and are distinguished thereby from the trademarks of others.

39.     Plaintiff Ritani, LLC has continuously used the RITANI Trademarks in commerce in the United States from the introduction of these trademarks until the present.

40.     Plaintiff Ritani, LLC is the sole and exclusive owner in the United States of the RITANI Trademarks for jewelry. Ritani, LLC is also the owner of the right, title and interest in and to federally registered trademark No. 3,024,747 for RITANI services in the field of diamond jewelry. (**Exhibit 16**).

41.     As a result of Plaintiff Ritani, LLC's offering of its goods, the trade and public have come to know the RITANI Trademarks to represent high end designer jewelry of the highest quality, and to rely upon the goodwill and business that Plaintiff Ritani, LLC has established under the RITANI Trademarks.

42.     In addition to its trademark rights, Ritani, LLC also has authored, as works for hire, works comprising unique jewelry designs and has caused many of its works to be registered under the Copyright Act of the United States (1976 as amended). For example, Plaintiff Ritani,

---

[1] A trademark identifier that comes up at the left of a domain name address bar when one goes to a website. See: http://www.ritani.com/.

LLC has secured the exclusive rights and privileges in and to the copyrights of several works including, but not limited to, Registration Nos. VA 1-774-361, VA 1-774-363 and VA 1-774-364. **(Exhibit 17)**.

43.     Due to the quality, attractiveness and uniqueness of its high end jewelry designs, Plaintiff Ritani, LLC has realized great financial success in its sales of products bearing the RITANI name with estimated sales of over $125 million dollars over the past nine (9) years in the United States alone.

44.     Because Plaintiff Ritani, LLC's exclusive designs are essential to Ritani, LLC, it has instituted procedures to maintain the secrecy of all of its confidential, proprietary and trade secret designs, drawings and product development files.  For example, since its inception, Plaintiff Ritani, LLC uses computer-aided design ("CAD") files containing confidential, proprietary and/or trade secret information to design, create, modify and produce wax models of its new and innovative jewelry designs.  These CAD drawings contain numerous confidential designs, including, but not limited to, Perfect Match, a design element used to create and enable the engagement and wedding band to fit up against each other without a gap.

45.     Accordingly, to prevent its designs, drawings and product files from being publicly disseminated, Ritani, LLC makes all employees and contractors sign confidentiality agreements before being provided with access to confidential and trade secret information and requires all individuals receiving such information to protect its secrecy by logging off of their computers every evening.  In addition, Plaintiff Ritani, LLC keeps its hard copy files under lock and key, and stores all of its electronic design files on a secure server designated for design only, which is only accessible with its own key.

## DEFENDANTS' WRONGFUL ACTS

46.     Following Defendants Aghjayan and H. Ritani, Corp.'s sale to Plaintiff of their

rights, title and interest in and to the assets and all the goodwill of H. Ritani Corp., including its

customers, and while Defendant Aghjayan was still employed by Plaintiff, Defendant Aghjayan

engaged in efforts to directly compete with, and solicit customers from, Plaintiff Ritani, LLC by

using confidential information, trade secrets and/or intellectual property belonging to Plaintiff for

Defendants' own personal benefit.  Defendant Aghjayan directed such conduct even though he

owed a duty of utmost good faith and complete and undivided loyalty to Plaintiff, its goodwill

and reputation, as well as being expressly bound by the terms of his Employment Agreement to

refrain from engaging in such competitive activities.

47.     Defendant Aghjayan began his scheme within a few short years after the transfer

of all interest and goodwill to Plaintiff Ritani, LLC and while in his position as Chief Executive

Officer, Chief Operating Officer and President of Plaintiff Ritani, LLC.  Starting in 2005,

Defendant Aghjayan began working from home on a regular basis, accessing Ritani, LLC's

design servers remotely from his home.  After Plaintiff Ritani, LLC became suspicious as to

Defendant Aghjayan's motives and actions, his access to these servers was removed in August of

2008.  Based upon information and belief, thereafter, until his resignation on November 1, 2009,

Defendant Aghjayan made copies of Plaintiff Ritani, LLC's confidential files located on the

company's design server, transferred them onto a flash drive and removed the flash drive to his

home or e-mailed the files to his home computer.  Upon Defendant Aghjayan's resignation, none

of the files accessed or copied were returned to Ritani, LLC.

48.     Defendant Aghjayan was also privy to Plaintiff's confidential financial and

customer files while employed at Plaintiff Ritani, LLC, including information about specific

customer accounts, costs associated with Plaintiff's products, pricing information and Plaintiff's profit margins. Based upon information and belief, Defendant Aghjayan began to collect and organize this information while at Ritani, LLC and subsequently used these materials to form Defendant Companies and obtain a competitive edge, which enabled Defendants to undercut Plaintiff in the market.

49.     As a result of his position of confidence and trust, Defendant Aghjayan was able to remove and retain in his possession a substantial part and, upon information and belief, all of the confidential and trade secret design files belonging to Plaintiff. Based upon information and belief, despite Defendant Aghjayan's Employment Agreement preventing his use, conveyance and exploitation of Plaintiff's trade secrets and confidential information, Defendant Aghjayan has used such files to enable Defendant Companies to unfairly compete with Plaintiff Ritani, LLC. In doing so, upon information and belief, Defendants have saved a significant amount of time and money, for example, by "tweaking" Plaintiff's copyrighted designs, rather than undertaking the slow process of legitimately building their jewelry designs from scratch.

50.     In furtherance of Defendant Aghjayan's plan to compete with Plaintiff Ritani, LLC, while still employed at Ritani, LLC, Defendant Aghjayan began discussions in July of 2008 with Tiffany & Co. ("Tiffany"), a former customer of Defendant H. Ritani, Corp. Upon information and belief, Defendant Aghjayan entered into business negotiations with Tiffany, at that time, to discuss Defendant Aghjayan's design and manufacture of jewelry for Tiffany in his individual capacity.

51.     Upon learning of these negotiations, Plaintiff Ritani, LLC confronted Defendant Aghjayan who admitted to such negotiations. However, Defendant Aghjayan claimed that such negotiations were not for him, but for his wife who worked in the graphics department at

Plaintiff Ritani, LLC.  Defendant Aghjayan claimed that his wife wished to leave Plaintiff Ritani, LLC in order to form a company to design and manufacture bridal jewelry for Tiffany as an outside contractor.  However, based upon information and belief, Defendant Aghjayan's wife did not have the wherewithal to run a jewelry business without Defendant Aghjayan.  Rather, upon information and belief, Defendant Aghjayan used his wife as an alter ego to set up a jewelry business to directly compete with Plaintiff Ritani, LLC, while still employed in a position of trust at Ritani, LLC.

52.    Upon information and belief, such negotiations with Tiffany were part of Defendant Aghjayan's overall scheme to capitalize on his personal loyalties with his former customers to unfairly compete with Plaintiff, both while actively occupying a position of trust at Plaintiff Ritani, LLC, and after he ultimately withdrew from the company.  Defendant Aghjayan did so despite his fiduciary duty and the existence of a non-compete clause in his Employment Agreements.

53.    In fact, in August of 2008, shortly after Plaintiff confronted Defendant Aghjayan about his discussions with Tiffany, Defendant Aghjayan's wife resigned from Plaintiff Ritani, LLC.  As the facts bore out, upon her departure from Plaintiff's facility, Defendant Aghjayan's wife was caught attempting to remove four boxes containing Plaintiff Ritani, LLC's trade secret designs and confidential product development files, which included design and customer files. Based upon information and belief, Defendant Aghjayan's wife, at Defendant Aghjayan's behest, was attempting to remove these files in order to aid her husband in his efforts to use Plaintiff's confidential and/or trade secret information to establish and operate Defendant Companies in competition with Plaintiff Ritani, LLC.

54.    Over the next several months, Defendant Aghjayan continued to establish a means
to compete with Plaintiff Ritani, LLC, despite being Plaintiff's President, Chief Executive
Officer and Chief Operating Officer.  In December of 2008, Plaintiff Ritani, LLC became aware
that Defendant Aghjayan had purchased a 3-Dimensional ("3D") printing machine of the same
type used by Plaintiff in its manufacture of jewelry.  While Defendant Aghjayan claimed that he
had acquired the machine for his personal use, 3D printing machines are commonly used in the
industry to make jewelry.  When confronted with this fact, Defendant Aghjayan represented that
he was going to use the 3D printing machine to go into business making doorknobs
(notwithstanding his contract to perform all services for Plaintiff).  (See **Exhibit 5** at ¶1(b)).
Defendant Aghjayan even brought Plaintiff Ritani, LLC several samples of doorknobs as
evidence of his intention.  However, two months prior to leaving Plaintiff Ritani, LLC,
Defendant Aghjayan printed wax models of jewelry designs for Ritani, LLC using the 3D
printing machine.  Based upon information and belief, thereafter, Defendant Aghjayan used this
3D printing machine to print Plaintiff Ritani, LLC's trade secret and/or confidential information
in order to produce copyrighted jewelry designs and designs derived therefrom for use in
competing with Plaintiff in the jewelry business.

55.    Defendant Aghjayan also admitted to Plaintiff in early 2010 that he had purchased
a factory in China to manufacture jewelry findings and castings – a business Plaintiff Ritani,
LLC has never been involved in – and showed Plaintiff pictures of such facility.  Defendant
Aghjayan claimed that he would not be manufacturing finished jewelry or branded products at
his China facility, but would instead produce findings and castings, which would be sold via
catalog.  Upon information and belief, despite Defendant Aghjayan's assurances to the contrary,
Defendant Aghjayan actually purchased the China factory to prepare for his entry into the

marketplace in order to compete with Plaintiff in the manufacturing, production and sale of finished and branded jewelry products, both before and after his resignation from Ritani, LLC in 2009.

56.     Defendant Aghjayan's bad conduct continued after his November 1, 2009 resignation from Plaintiff Ritani, LLC, and during the one-year period when the non-compete provision remained in effect.  Specifically, within the first year of leaving Ritani, LLC, Defendant Aghjayan founded an entity called Harout R to compete with Plaintiff in the jewelry industry. **(Exhibit 18)**.  In addition to promoting the fact that Harout R was established in January of 2010, Defendant Aghjayan's 2011 Facebook page states:  "Designer Harout Aghjayan has launched his new company and brand under the name HAROUT R..." *Id.*  Defendant Aghjayan's Facebook page also describes his bridal jewelry collections and provides a website (http://www.haroutr.com) where his followers can view and purchase his jewelry. *Id.*

57.     Based upon information and belief, in July 2010, Defendant Aghjayan obtained a registration for the underlying domain name, *haroutr.com*, **(Exhibit 19)** despite his knowledge that the '04 Employment Agreement prevented him from competing with Plaintiff Ritani, LLC until November 1, 2010 and from "seek[ing] to divert the Company's business or opportunity to a third party." **(Exhibit 9)**.

58.     Based upon information and belief, Defendant Aghjayan established Harout R and registered the underlying domain name *haroutr.com*, during the non-compete period in furtherance of his plan to compete with Plaintiff Ritani, LLC.

59.     In fact, Defendant Aghjayan actually began to build the Harout R brand of jewelry at least as far back as November 9, 2009 when he formed Amazing Settings to compete with Plaintiff Ritani, LLC – just one week after his resignation from Ritani, LLC.  **(Exhibit 20)**.

Thereafter, on September 13, 2010, less than one year after he left his position at Ritani, LLC,

Defendant Aghjayan formally formed Defendant Harout R LLC (**Exhibit 21**).  Based upon

information and belief, during that same time period, Defendant Aghjayan was also continuing to

operate Defendants H. Ritani LLC, and H. Ritani, Corp in violation of Section 5.2 of the 2007

Membership Interest Purchase Agreement that he not use the name "Ritani."  (**Exhibit 11**).

Based upon information and belief, through Defendant Companies, during the non-compete

period, Defendant Aghjayan violated his non-compete agreement.  Defendant Aghjayan was and

still is soliciting Ritani LLC's customers and advertising, marketing, offering to sell and selling

bridal jewelry collections using Plaintiff Ritani, LLC's trade secrets and/or confidential

information, RITANI Trademarks, Ritani copyrighted designs and designs derived therefrom.

60.    In addition, based upon information and belief, prior to the expiration of the non-

compete clause in his Employment Agreement, Defendant Aghjayan manufactured and produced

finished jewelry products using his China facility and offered for sale and/or sold them to

companies in the United States, including but not limited to, a jeweler in Florida.  Based upon

information and belief, Defendant Aghjayan's sales commitments, which Plaintiff believed were

for non-competing goods or at least to non-Ritani LLC customers, prompted Defendant

Aghjayan to seek Plaintiff's approval to shorten the length of the non-compete provision to

October 14, 2010, so he could deliver his goods in time for the 2010 holiday season.

61.    Moreover, dating back to Defendant Aghjayan's 2008 discussions with Tiffany,

and continuing to the present, Defendant Aghjayan has consistently and actively engaged in the

solicitation of Plaintiff Ritani, LLC's former customers.  For example, at least as early as the

June 2010 Las Vegas show, and during the one year non-compete period, Defendant Aghjayan

approached at least one other former customer in an effort to lure its patronage away from

Plaintiff Ritani, LLC.  Plaintiff Ritani, LLC was informed of this solicitation through the receipt

of a May 17, 2011 e-mail from its customer, John G. Henne at Henne Jewelers, which states that

he was approached by Defendant Aghjayan with respect to Defendants' Harout R catalog of

jewelry at the June 2010 Las Vegas show.  (**Exhibit 22**).  As a result of this solicitation,

Defendant Aghjayan actively interfered with Plaintiff's business relationship with Henne

Jewelers, thereby impairing Plaintiff's goodwill, in addition to violating the non-compete

provision of his contract.

      62.     Based upon information and belief, Defendants were involved in further acts of

solicitation in the 2011 time frame.  For example, based upon information and belief, in 2011,

Defendant Aghjayan mailed a competitive flyer directly to all of Plaintiff Ritani, LLC's

customers.  In this flyer, Defendant Aghjayan announced the formation of his new competitive

entity Harout R LLC, touted his Harout R brand of jewelry, encouraged potential customers to

call to schedule an appointment to see his new jewelry line and informed recipients that his

catalog will be mailed to them shortly.  (**Exhibit 23**).

      63.     Based upon information and belief, in May of 2011, Defendant Aghjayan, on

behalf of Defendant Companies, circulated a Harout R catalog directly to Plaintiff's customer

base.  (**Exhibit 24**).  Plaintiff Ritani, LLC had built upon the H. Ritani, Corp. customers it

acquired and worked hard over the years to develop an impressive list of customers.  As a result

of these targeted mailings to customers of Plaintiff Ritani, LLC by Defendant Aghjayan,

Defendant Aghjayan attempted to capitalize upon the customers personal loyalties to him in an

effort to recapture their patronage.

      64.     Defendants did so despite the fact that Defendants Aghjayan and H. Ritani, Corp.,

as sellers of their ownership, business and all goodwill to Plaintiff, have a permanent duty to

refrain from engaging in any acts that impair the value of the "goodwill" transferred to Plaintiff including a duty to refrain indefinitely from soliciting former customers and any attempts to regain their business.

65.     The same Harout R flyer and catalog that Defendants actively distributed in mass to Plaintiff's customer base (**Exhibits 23 and 24** respectively), also contain information that is likely to cause confusion as to Defendants' association with Plaintiff's famous RITANI brand. For example, the aforementioned Harout R brochures specifically associate Defendant Aghjayan with Ritani, by emphasizing the "R" in Harout R, as well as the inclusion of a statement whereby Defendant Aghjayan claims that he was "previously known as Harout Ritani." *Id.* In fact, Defendant Aghjayan's name was never "Harout Ritani," it was and still is Harout Aghjayan. However, upon information and belief, due to the success of the RITANI name, Defendant Aghjayan made all efforts to inextricably bind his name and persona with RITANI in order to capitalize on the popularity of the RITANI name and trademark.

66.     Based upon information and belief, Defendant Aghjayan continues to make similar representations to potential consumers to this day, including at the recent July 2011 national jewelry show in Las Vegas, Nevada. While attending this show, Plaintiff's representatives were advised that Defendant Aghjayan was repeatedly identifying himself to trade show participants as "Harout Ritani" and was advising potential customers that he was the real "Ritani" and that he had left Plaintiff Ritani, LLC.

67.     Defendants' representations to the jewelry industry, through Defendant Aghjayan's targeted mailings, direct statements and the maintenance of several companies using the "Ritani" mark and name, were made despite the fact that Section 5.2 of the 2007 Membership Interest Purchase Agreement (**Exhibit 11**) prevented Defendants from using the name "Ritani" in

connection with any business or operation that directly or indirectly competes with the business of Plaintiff. Such representations are likely to create confusion, mistake or to deceive potential customers as to Defendants' affiliation, connection and relationship with Plaintiff Ritani, LLC and their ownership of the RITANI brand designs.

68.     In addition, in February of 2011, Defendant Aghjayan's wife, referring to herself as Shawndria Ritani, continued her efforts to assist her husband in his plans to compete with Ritani, LLC by posting, on her Flickr page, a picture of Defendant Aghjayan selling jewelry, along with a question asking "Where is Harout Ritani now?" (**Exhibit 25**). These representations are also contrary to the 2007 Membership Interest Purchase Agreement and are false, misleading and/or likely to create confusion among the industry and customers as to the origin of Plaintiff's designs, as well as Defendants' affiliation and connection with Plaintiff's RITANI name and brand. (**Exhibit 11** at Section 5.2).

69.     In 2011, Defendant Aghjayan, through Defendant Companies, also began to use a reproduction, copy, and colorable imitation of Plaintiff Ritani, LLC's Three-Leaf Trademark in Defendants' Harout R jewelry line as an identifier of origin of Defendants' goods, in a manner likely to cause confusion, mistake, or to deceive consumers as to the source or origin of Defendants' goods. For example, Defendants' ring designs within its Harout R catalog incorporate source indicating elements that are confusingly similar to Plaintiff's Three-Leaf Trademark. (**Exhibit 24**).

70.     Defendants have also used Plaintiff's copyright protected designs to create their design portfolio. In April of 2011, Plaintiff was informed that Defendants were selling their Harout R line of jewelry at Helzberg Diamonds, a jewelry store chain with an online store at www.helzberg.com. Helzberg's top executives were former executives of Ritani customers

dating back prior to Plaintiff's 2002 acquisition of H. Ritani, Corp. and lasting up until a few years ago. Upon learning of this, Plaintiff Ritani, LLC searched the Helzberg's website and discovered that several pieces of jewelry, which were virtual copies of Plaintiff's styles and designs, appeared on the website under the Harout R brand. Based upon information and belief, Defendant Aghjayan was able to create these designs by using Plaintiff Ritani, LLC's copyrighted designs, facilitated by the trade secrets that he took from Plaintiff Ritani, LLC, and subsequently using them to compete with Plaintiff in the jewelry industry.

71. In May of 2011, Harout R's online catalog also included pieces of jewelry that were virtual copies of and substantially similar to the copyrighted jewelry designs created and sold by Ritani, LLC (the "Ritani Designs"), as well as other confidential designs that Defendant Aghjayan was privy to through his fiduciary relationship with Plaintiff. (**Exhibit 24**). Based upon information and belief, Defendant Aghjayan created these designs by using Plaintiff Ritani, LLC's confidential and/or trade secret CAD files and other design files, which he copied or downloaded from Plaintiff's servers during his employment at Ritani, LLC.

72. Under the name Harout R, Defendants also offered for sale and sold rings substantially similar to the wax model rings that Defendant Aghjayan produced for Plaintiff Ritani, LLC during the last two months of his employment at Plaintiff Ritani, LLC. (See for example Ritani, LLC photograph of wax model and Harout R Style No. 1R452G at **Exhibit 26**).

73. Based upon information and belief, Defendants' copies of the Ritani Designs are being sold and displayed as Harout R designs on the website of a number of Plaintiff Ritani, LLC's customers, including but not limited to, Robbin, Bros. and Ackerman Jewelers. In addition, based upon information and belief, after using Plaintiff's copyrighted designs, Defendants actually sought copyright registrations on several of these copied works.

74.     As a result of the collective actions of Defendants, spanning over the past five years, Defendants have used Plaintiff Ritani, LLC's full panoply of intellectual property rights to Defendants' own benefit to compete with, and solicit customers from, Plaintiff Ritani, LLC to the detriment of Plaintiff's business reputation and goodwill.

<u>COUNT I</u>

**Copyright Infringement**

75.     This is a claim for relief from copyright infringement and arises out of the occurrences as set forth herein above and hereinafter and is pursuant to 17 U.S.C. §§ 101 and 501 et seq.

76.     Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶75 as though fully set forth herein.

77.     Plaintiff Ritani, LLC is the author of copyrighted works of jewelry designs.

78.     Plaintiff has been complying, in all respects, with the Act of 1976 and all other laws governing copyrights, and secured the exclusive rights and privileges in and to the copyright of said works and received from the Register of Copyrights Certificate of Registration Nos. VA 1-774-361, VA 1-774-363 and VA 1-774-364. **(See Exhibit 17)**.

79.     Plaintiff has always been and still is the sole proprietor of all right, title, and interest in and to the copyrights in said works.

80.     Defendants were and are in possession of copies of Plaintiff's works.

81.     Upon information and belief, beginning prior to May 2011 and continuing until the present date, Defendants have infringed Plaintiff's copyrights in these works, and others, by making copies or substantial copies of the works and selling the copies or substantial copies of

the works by identifying them as original designs by Defendants. (See example comparisons attached as **Exhibit 27**).

82.   Defendants have knowingly and willfully copied the works.

83.   Defendants have been copying, selling, and/or otherwise marketing the works and have thereby been engaging in copyright infringement against Plaintiff, causing Plaintiff irreparable damage, for which there is no adequate remedy at law.

**COUNT II**

**Federal Trademark Infringement**
**Lanham Act §32, 15 U.S.C. § 1114**

84.   This is a count for trademark infringement under the Trademark Laws of the United States, 15 U.S.C. § 1114(1)(a).

85.   Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶84 as though fully set forth herein.

86.   Plaintiff Ritani, LLC is the owner of the right, title and interest in and to federally registered trademark No. 3,024,747 for RITANI services in the field of diamond jewelry. **(Exhibit 16)**.

87.   Defendants' use of RITANI in connection with the provision of services to customers and potential customers in the field of diamond jewelry, without Plaintiff's consent, is likely to confuse and deceive the public into believing that Defendants and their goods or services are associated or affiliated with Plaintiff, or are sponsored or endorsed by Plaintiff.

88.   Defendants' activities described above, including but not limited to, their attempts to inextricably bind their name and persona with Ritani through language contained within Defendants' brochures, as well as specific statements made to potential customers that

Defendant Aghjayan is the real "Harout Ritani," constitute infringement of Plaintiff's rights in its RITANI service mark under 15 U.S.C. § 1114.

89.    Defendants had actual notice of Plaintiff's trademark rights, yet have knowingly and intentionally adopted, used, and expanded their use of the RITANI service mark causing confusion, mistake, and deception.

90.    Upon information and belief, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

91.    Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe the Plaintiff's trademark, unless restrained by this Court.

92.    Plaintiff Ritani, LLC has suffered and will continue to suffer irreparable harm, for which there is no adequate remedy at law.

## COUNT III

### Unfair Competition, False Designation of Origin and False and Misleading Representations in Commerce Under the Lanham Act

93.    This is a count for unfair competition, false designation of origin and false and misleading representations in commerce under the Trademark Laws of the United States, 15 U.S.C. § 1125(a).

94.    Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶93 as though fully set forth herein.

95.    Defendants' activities described above, including but not limited to, Defendants' use of the RITANI Trade Name, RITANI Trademarks and the RITANI brand in connection with their sale of goods and services, without the consent of Plaintiff, constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation in commerce that is likely to cause confusion, mistake, or deception as to the affiliation,

connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services and/or activities by Plaintiff.

96.    In addition, the corporate names of Defendants H. Ritani, LLC and H. Ritani, Corp. are confusingly similar to and have a similar commercial impression to the RITANI Trade Name, RITANI Trademarks and the RITANI brand.

97.    Defendant Aghjayan, through Defendants H. Ritani, LLC and H. Ritani, Corp., uses the name "Ritani" to sell products in the same product category and market as Plaintiff Ritani, LLC and to the same customers who are likely to purchase Plaintiff Ritani, LLC's products.

98.    Defendant Aghjayan's use of the corporate names of Defendants H. Ritani, LLC and H. Ritani, Corp. is likely to confuse customers that Defendants' products are related to, sponsored by, associated with or emanate from Plaintiff Ritani, LLC.

99.    Upon information and belief, Defendant Aghjayan continues to operate Defendants H. Ritani, LLC and H. Ritani, Corp. for the purpose of trading on the goodwill and reputation carefully cultivated by Plaintiff Ritani, LLC for its RITANI Trade Name, RITANI Trademarks and RITANI brand.

100.    At all relevant times, Defendants knew, should have known, or had reason to know of Plaintiff Ritani, LLC's rights in the RITANI Trade Name, RITANI Trademarks and the RITANI brand.

101.    Defendants have nonetheless willfully undertaken their aforementioned actions in contravention of Plaintiff Ritani, LLC's rights, by adopting and using a trade name and trademark that is similar or identical to the RITANI Trade Name, RITANI Trademarks and RITANI brand, and falsely suggesting a connection to Plaintiff.

102.   Plaintiff Ritani, LLC has not authorized or licensed Defendants to use Plaintiff's RITANI Trade Name, RITANI Trademarks and/or RITANI brand.

103.   Plaintiff Ritani, LLC has no control over Defendants' use of Plaintiff's RITANI Trade Name, RITANI Trademarks and/or RITANI brand, nor over the quality of goods and services Defendants provide.  Such uncontrolled use places Plaintiff's marks, reputation, and goodwill at risk of serious injury.

104.   Defendants' activities described above constitute unfair competition, false or misleading designations of origin, false or misleading descriptions of fact and/or false or misleading representations in commerce in violation of Section 32 of the Lanham Act 15 U.S.C. § 1125(a).

105.   Upon information and belief, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

106.   Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe Plaintiff's RITANI Trade Name, RITANI Trademarks and RITANI brand, unless restrained by this Court.

107.   Plaintiff Ritani, LLC has suffered and will continue to suffer irreparable harm, for which there is no adequate remedy at law.

**COUNT IV**

**False Advertising Under the Lanham Act**

108.   This is a count for false advertising under the Lanham Act, 15 U.S.C. § 1125(a).

109.   Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶108 as though fully set forth herein.

110.   Beginning at the time when Defendant Aghjayan established Defendant Companies to compete in the jewelry business, as described herein, Defendants made and continue to make false and/or materially misleading representations of fact about their jewelry products in commercial advertisements and/or promotions, including but not limited to, Defendant Aghjayan's use of Plaintiff's RITANI name and brand in connection with the advertisement and promotion of Defendants' goods and services in commerce.

111.   The aforesaid acts of Defendants constitute false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a).

112.   Defendants' false and/or misleading representations have and are likely to continue to deceive consumers and potential customers in a manner likely to influence their purchasing decisions.

113.   Defendants' false and misleading representations have and are likely to continue to cause injury to Plaintiff Ritani, LLC.

114.   Upon information and belief, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

115.   Upon information and belief, Defendants intend to continue their conduct, unless restrained by this Court.

116.   Plaintiff Ritani, LLC has suffered and will continue to suffer irreparable harm, for which there is no adequate remedy at law.

## COUNT V

### State Law False Advertising (N.Y.G.B.L § 350)

117.   This is a count for false advertising under the Laws of the State of New York (N.Y.G.B.L § 350).

118.   Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶117 as though fully set forth herein.

119.   Beginning at the time when Defendant Aghjayan established Defendant Companies to compete in the jewelry business, as described herein, Defendants made and continue to make false and/or materially misleading representations of fact about their jewelry products in commercial advertisements and/or promotions directed to the public, including but not limited to, Defendant Aghjayan's use of Plaintiff's RITANI name and brand in connection with the advertisement and promotion of Defendants' goods and services.

120.   The aforesaid acts of Defendants constitute consumer-oriented conduct that has affected the public interest of New York and has resulted and/or may result in injury to consumers in New York and/or harm to the public.

121.   By the acts described herein, Defendants have willfully engaged in false advertising in violation of the common law of the State of New York (N.Y.G.B.L § 350).

122.   Defendants' false and/or misleading representations in advertising have and are likely to continue to deceive consumers and cause injury to Plaintiff Ritani, LLC.

123.   Upon information and belief, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

124.   Upon information and belief, Defendants intend to continue their conduct, unless restrained by this Court.

125.   Plaintiff Ritani, LLC has suffered and will continue to suffer irreparable harm, for which there is no adequate remedy at law.

## COUNT VI

### Common Law Trademark Infringement

126. This claim for relief arises under the common law of the State of New York and arises out of the same occurrences and transactions set forth herein above.

127. Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶126 as though fully set forth herein.

128. Plaintiff Ritani, LLC owns all right, title, and interest in and to the RITANI Trademarks, including all common law rights in such marks, and such marks are distinctive.

129. Plaintiff Ritani, LLC is also the owner of the right, title and interest in and to federally registered trademark No. 3,024,747 for RITANI services in the field of diamond jewelry. **(Exhibit 16)**.

130. Defendants' activities described above, including but not limited to, Defendants' use of RITANI in connection with the provision of services to customers and potential customers in the field of diamond jewelry, without Plaintiff's consent, is likely to confuse and deceive the public into believing that Defendants and their goods or services are associated or affiliated with Plaintiff, or are sponsored or endorsed by Plaintiff.

131. Defendants' activities described above, including but not limited to, their attempts to inextricably bind their name and persona with Ritani through language contained within Defendants' brochures, as well as specific statements made to potential customers that Defendant Aghjayan is the real "Harout Ritani" constitute trademark infringement in violation of the common law of the State of New York.

132.   Defendants had actual notice of Plaintiff's trademark rights, yet have knowingly and intentionally adopted, used, and expanded their use of the RITANI service mark causing confusion, mistake, and deception.

133.   Upon information and belief, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

134.   Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court. ·

135.   Plaintiff Ritani, LLC has suffered and will continue to suffer irreparable harm, for which there is no adequate remedy at law.

## COUNT VII

### Common Law Unfair Competition

136.   This claim for relief arises under the common law of the State of New York and arises out of the same occurrences and transactions set forth herein above.

137.   Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶136 as though fully set forth herein.

138.   Defendants' activities described above, including but not limited to, Defendants' use of the RITANI Trade Name, RITANI Trademarks and the RITANI brand in connection with their sale of goods and services, without the consent of Plaintiff, constitutes a false designation of origin, false or misleading description of fact, and/or false or misleading representation in commerce that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services and/or activities by Plaintiff.

139.   In addition, the corporate names of Defendants H. Ritani, LLC and H. Ritani, Corp. are confusingly similar to and have a similar commercial impression to the RITANI Trade Name, RITANI Trademarks and the RITANI brand.

140.   Defendant Aghjayan, through Defendants H. Ritani, LLC and H. Ritani, Corp., uses the name "Ritani" to sell products in the same product category and market as Plaintiff Ritani, LLC and to the same customers who are likely to purchase Plaintiff Ritani, LLC's products.

141.   Defendant Aghjayan's use of the corporate names of Defendants H. Ritani, LLC and H. Ritani, Corp. is likely to confuse customers that Defendants' products are related to, sponsored by, associated with or emanate from Plaintiff Ritani, LLC.

142.   Upon information and belief, Defendant Aghjayan continues to operate Defendants H. Ritani, LLC and H. Ritani, Corp. for the purpose of trading on the goodwill and reputation carefully cultivated by Plaintiff Ritani, LLC for its RITANI Trade Name, RITANI Trademarks and RITANI brand.

143.   At all relevant times, Defendants knew, should have known, or had reason to know of Plaintiff Ritani, LLC's rights in the RITANI Trade Name, RITANI Trademarks and the RITANI brand.

144.   Defendants have nonetheless willfully undertaken the aforementioned actions in bad faith in contravention of Plaintiff Ritani, LLC's rights by, among other things, adopting and using a trade name and trademark that is similar or identical to the RITANI Trade Name, RITANI Trademarks and RITANI brand, and falsely suggesting a connection to Plaintiff.

145.   Plaintiff Ritani, LLC has not authorized or licensed Defendants to use Plaintiff's RITANI Trade Name, RITANI Trademarks and/or RITANI brand.

146.   Plaintiff Ritani, LLC has no control over Defendants' use of Plaintiff's RITANI Trade Name, RITANI Trademarks and/or RITANI brand, nor over the quality of goods and services Defendants provide.  Such uncontrolled use places Plaintiff's marks, reputation, and goodwill at risk of serious injury.

147.   The aforesaid acts of Defendants constitute unfair competition in violation of the common law of the State of New York.

148.   Upon information and belief, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

149.   Upon information and belief, Defendants intend to continue their willfully anticompetitive acts unless restrained by this Court.

150.   Plaintiff Ritani, LLC has and will suffer irreparable harm, for which there is no adequate remedy at law.

### COUNT VIII

### State Trademark Dilution (N.Y. G.B.L. § 360-l)

151.   This claim for relief arises under the common law and the Trademark Dilution Laws of the State of New York (General Business Law 360-1) and arises out of the same occurrences and transactions set forth herein above.

152.   Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶151 as though fully set forth herein.

153.   Plaintiff Ritani, LLC is the exclusive owner of the RITANI Trademarks throughout the United States, including the State of New York.

154.    Through prominent, long and continuous use in commerce, including commerce within the State of New York, Plaintiff Ritani, LLC's trademarks have become and continue to be famous and distinctive.

155.    By the acts described herein, including but not limited to, Defendants promotion and use of Plaintiff's RITANI Trademarks in conjunction with Defendants' goods and services, Defendants have diluted the distinctiveness of the RITANI Trademarks by diminishing the capacity of the RITANI Trademarks to identify and distinguish Plaintiff's goods and services.

156.    Defendants began making commercial use of Plaintiff's RITANI Trademarks in conjunction with Defendants' goods and services after Plaintiff's RITANI Trademarks had become famous and distinctive.

157.    By the acts described herein, Defendants have caused a likelihood of harm to Plaintiff's business reputation in violation of New York General Business Law § 360-1.

158.    Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

159.    Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

160.    Plaintiff Ritani, LLC has and will suffer irreparable harm, for which there is no adequate remedy at law.

## COUNT IX

### Deceptive Acts and Practices (N.Y. G.B.L. § 349)

161.    This claim for relief arises under the Deceptive Acts and Practices Law of the State of New York (General Business Law § 349) and arises out of the same occurrences and transactions set forth herein above.

162.   Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶161 as if fully set forth herein.

163.   The aforesaid acts of Defendants constitute consumer-oriented conduct that has affected the public interest of New York and has resulted and/or may result in injury to consumers in New York and/or harm to the public.

164.   By the acts described herein, including but not limited to, Defendants' use of the RITANI Trade Name, RITANI Trademarks and the RITANI brand in connection with their sale of goods and services, Defendants have willfully engaged in materially misleading and deceptive acts or practices in the conduct of their business in violation of New York General Business Law § 349.

165.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

166.   Upon information and belief, Defendants intend to continue their deceptive acts and practices unless restrained by this Court.

167.   Plaintiff Ritani, LLC has and will suffer irreparable harm, for which there is no adequate remedy at law.

## COUNT X

### Common Law Misappropriation of Trade Secrets

168.   This claim for relief is for common law misappropriation of trade secrets and is based upon the same acts and conduct alleged herein.

169.   Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶168 as if fully set forth herein.

170. The rights and interests of Plaintiff Ritani, LLC in its trade secret jewelry designs, drawings, product development files, customer files and financial information constitute trade secrets as defined by the common law of the State of New York.

171. Plaintiff Ritani, LLC owns all of the rights, title and interest in and to the trade secrets that Defendants used and continue to use in the design and development of their jewelry.

172. Because of Plaintiff Ritani, LLC's reliance on the confidentiality provisions in Defendant Aghjayan's '02 and '04 Employment Agreements, Plaintiff provided Defendant Aghjayan with access to and knowledge of Plaintiff's trade secrets.

173. Such trade secrets were and are primary assets of Plaintiff Ritani, LLC and have actual and potential independent economic value for Plaintiff. Plaintiff has carefully guarded its trade secret information and has taken reasonable steps to maintain its secrecy. There has been no disclosure of the trade secret information by Plaintiff.

174. Defendant Aghjayan had knowledge that Plaintiff regarded the trade secret information as trade secrets and his legal obligation and duty, by virtue of the '02 and '04 Employment Agreements, to preserve the confidentiality of Plaintiff's trade secrets and to limit their use.

175. Upon information and belief, Defendant Aghjayan knowingly, willfully and maliciously violated his Employment Agreements and breached Plaintiff's confidence by misappropriating Plaintiff's trade secrets in order to develop, manufacture, produce and market competing products and services, through Defendant Companies.

176. In the alternative, on information and belief, through Defendant Aghjayan's ownership of, and his worked performed for, Defendant Companies, Defendant Aghjayan will

inevitably use and/or disclosure some or all of Plaintiff's trade secrets and/or confidential information in his possession.

177.  Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

178.  Upon information and belief, Defendants intend to continue to misappropriate Plaintiff's trade secrets unless restrained by this Court.

179.  Plaintiff Ritani, LLC has and will suffer irreparable harm, for which there is no adequate remedy at law.

## COUNT XI

### Tortious Interference With Business Relationships Under New York Law

180.  This claim for relief is for tortious interference with business relationships under the Laws of the State of New York and is based upon the same acts and conduct alleged herein.

181.  Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶180 as if fully set forth herein.

182.  By the acts described herein, on information and belief, Defendants have interfered with Plaintiff's existing and prospective business relationships with its customers and potential customers, including but not limited to, Henne Jewelers and Ackerman Jewelers.

183.  Defendants, with full knowledge of Plaintiff Ritani, LLC's business relationships, intentionally interfered with those relationships by inter alia making works which infringe the Ritani Designs, selling designs that they knew or had reason to know were associated by the trade and consuming public as Ritani Designs, using Plaintiff's trade secrets and/or confidential design information to develop Defendants' jewelry designs, using the RITANI Trade Name and/or RITANI brand in promoting its jewelry business and designs, and by directly targeting

and soliciting customers through direct communications and the mass distribution of

Defendants' flyers and Harout R catalogs to Plaintiff's customer base.

184.   Based upon information and belief, the unlawful and improper acts of Defendants,

as described above, also prevented third parties from entering into extended relationships with

Plaintiff.

185.   Based upon information and belief, Defendant's conduct was motivated solely by

malice and/or to inflict injury on Plaintiff by unlawful means.

186.   As a direct and proximate result of Defendants unlawful and improper acts and

conduct, Defendants have and continue to injure Plaintiff Ritani, LLC by denying business to

and diverting business from Plaintiff, which Plaintiff would have otherwise had and from which

it would have derived a profit.

187.   Upon information and belief, by their acts, Defendants have made and will make

substantial profits and gains to which they are not in law or equity entitled.

188.   Upon information and belief, Defendants intend to continue to interfere with

Plaintiff's business relationships unless restrained by this Court.

189.   Plaintiff Ritani, LLC has and will suffer irreparable harm, for which there is no

adequate remedy at law.

## COUNT XII

### Breach Of Implied Covenant Not To Solicit And
### Reduce Business Goodwill Under New York State Law

190.   This claim for relief is for breach of the implied covenant not to solicit business

and reduce business goodwill under the laws of the State of New York and is based upon the

same acts and conduct alleged herein.

191.   Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶190 as if fully set forth herein.

192.   Defendants Aghjayan and H. Ritani, Corp., as sellers of their ownership and business to Plaintiff Ritani, LLC, have a permanent legal duty to refrain from engaging in any acts that impair the "goodwill" that Defendants transferred to Plaintiff.

193.   This duty requires Defendants to refrain from soliciting former customers and attempting to regain their business after having transferred the goodwill.

194.   By the acts described herein, on information and belief, Defendants have solicited former customers and breached Defendants Aghjayan and H. Ritani Corp.'s implied covenant not to solicit former customers and their duty not to reduce Plaintiff Ritani, LLC's business goodwill.

195.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

196.   Upon information and belief, Defendants intend to continue their conduct unless restrained by this Court.

197.   Plaintiff Ritani, LLC has and will suffer irreparable harm, for which there is no adequate remedy at law.

## COUNT XIII

### Breach of Contract and Common Law Noncompetition

198.   This claim is for relief from breach of contract under the Laws of the State of New York and is based upon the acts set forth herein.

199.   Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶198 as if fully set forth herein.

200. By the acts described herein, Defendant Aghjayan entered into valid and enforceable contracts with Plaintiff Ritani, LLC, by and through, their execution of the 2002 Employment Agreement, 2004 Employment Agreement and the 2010 Letter Agreement.

201. By the acts described herein, Defendant Aghjayan breached his '02 and '04 Employment Agreements and the 2010 Letter Agreement with Plaintiff Ritani, LLC, by actively interfering with Plaintiff's business relationships, preparing to, offering for and/or selling Defendants' jewelry products to customers in competition with Plaintiff, and by failing to protect the confidentiality of Plaintiff's trade secrets and/or confidential information through, among other things, the use and exploitation of such information for the benefit of Defendants and by using such information to form and operate Defendant Companies to unfairly compete with Plaintiff Ritani, LLC, in violation of the non-compete provision of these Agreements.

202. By the acts described herein, Defendants Aghjayan and H. Ritani, Corp. entered into a valid and enforceable contract with Plaintiff Ritani, LLC, by and through, their execution of the 2007 Membership Interest Purchase Agreement.

203. By the acts described herein, Defendants Aghjayan and H. Ritani, Corp. breached the 2007 Membership Interest Purchase Agreement by using the name "Ritani" in connection with the business and operations of Defendant Companies, which directly compete with the Plaintiff in the jewelry industry.

204. Plaintiff Ritani, LLC performed its duties and obligations as set forth in the Agreements between the parties, including the 2007 Membership Interest Purchase Agreement.

205. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

206. Upon information and belief, Defendants intend to continue their conduct unless restrained by this Court.

207. As a direct and proximate result of Defendants' breaches, Plaintiff Ritani, LLC has and will suffer irreparable harm, for which there is no adequate remedy at law.

## COUNT XIV

### Unjust Enrichment

208. This claim is for relief from unjust enrichment and is based upon the acts set forth herein.

209. Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶208 as if fully set forth herein.

210. By reproducing and using Plaintiff Ritani, LLC's trade secrets and/or confidential information, RITANI Trademarks and Ritani Designs to develop, market and sell competing products for substantial profit, Defendants have been unjustly enriched to the detriment of Plaintiff Ritani, LLC's business expectancies.

211. Defendants have received and retained from Plaintiff the value of Plaintiff Ritani, LLC's trade secrets and/or confidential information, RITANI Trademarks and Ritani Designs without just compensation to Plaintiff.

212. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

213. As a direct and proximate result of Defendants' acts described herein, Plaintiff Ritani, LLC has suffered irreparable harm and damage and is suffering monetary damages in an amount to be determined at trial.

214. The circumstances surrounding Defendants acts are such that equity and good conscience require Defendants to make full restitution to Plaintiff Ritani, LLC for their unjust enrichment.

## COUNT XV

### Common Law Breach of the Duty of Loyalty and Breach of Fiduciary Duty

215. This claim is for relief from breach of the duty of loyalty and breach of fiduciary duty under the common law of the State of New York and is based upon the acts set forth herein.

216. Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶215 as if fully set forth herein.

217. As the President, Chief Executive Officer, Chief Operating Officer and chief designer for Plaintiff Ritani, LLC, Defendant Aghjayan owed a duty of utmost good faith and complete and undivided loyalty to the Plaintiff, its goodwill and reputation.

218. By the acts described herein, Defendant Aghjayan breached these duties, by among other things, taking advantage of his relationship of trust and confidence, and his access to Plaintiff's trade secrets and/or confidential information and protected intellectual property, to establish and operate Defendant Companies, solicit Plaintiff's customers and to market, promote and sell jewelry designs to directly compete with Plaintiff Ritani, LLC in the jewelry industry.

219. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

220. Upon information and belief, unless Defendants are restrained from their wrongful conduct, Defendants will continue to cause injury to the business and business reputation of Plaintiff Ritani, LLC.

221. As a direct and proximate result of Defendants breaches, as herein alleged, Plaintiff Ritani, LLC has been irreparably harmed and incurred significant damages in terms of lost profits and business opportunities, and other damages for which Defendants are liable in an amount to be determined at trial.

## COUNT XVI

### Breach of the Implied Duty of Good Faith and Fair Dealing

222. This claim is for relief from breach of the implied duty of good faith and fair dealing under the common law of the State of New York and is based upon the acts set forth herein.

223. Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶222 as if fully set forth herein.

224. The written agreements between the parties, including but not limited to, the 2002 and 2007 Membership Interest Purchase Agreements, the Contribution Agreement and the '02 and '04 Operating and Employment Agreements ("the Agreements") impose an obligation of good faith and fair dealing on Defendant Aghjayan and consequently, the Defendant Companies, which operate under his control.

225. Defendant Aghjayan owed Plaintiff a duty to deal fairly and in good faith, including but not limited to, a duty to refrain from reducing the goodwill of Plaintiff Ritani, LLC, to maintain the secrecy of Plaintiff's trade secrets and/or confidential information, to avoid competing with Plaintiff in the jewelry industry and to refrain from using the "Ritani" name in any business that competes either directly or indirectly with Plaintiff Ritani, LLC, as set forth in the Agreements.

226.   By the acts described herein, Defendant Aghjayan breached these duties by, among other things, using Plaintiff's trade secrets and/or confidential information, RITANI Trademarks, Ritani Designs and the Ritani name to develop, market and sell competing products through Defendant Companies and solicit customers away from Plaintiff Ritani, LLC.

227.   As a direct and proximate result of Defendants breaches, Plaintiff Ritani, LLC was deprived of the benefits of the Agreements.

228.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

229.   Upon information and belief, Defendants intend to continue their conduct unless restrained by this Court.

230.   As a direct and proximate result of Defendants breaches, Plaintiff Ritani, LLC has and will suffer irreparable harm, for which there is no adequate remedy at law.

## COUNT XVII

### Constructive Trust

231.   This is a count for constructive trust under the common law of the state of New York.

232.   Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶231 as though fully set forth herein.

233.   As the President, Chief Executive Officer, Chief Operating Officer and chief designer for Plaintiff Ritani, LLC, Defendant Aghjayan was a fiduciary of Plaintiff and owed a duty of utmost good faith and complete and undivided loyalty to the Plaintiff, its goodwill and reputation.

234.   Due to this relationship of trust and confidence, Defendant Aghjayan was provided with access to Plaintiff's trade secrets and/or confidential information and protected intellectual property.

235.   Plaintiff also made its vital trade secret and/or confidential information accessible to Defendant Aghjayan based upon the promise made in Defendant Aghjayan's Employment Agreements that he would refrain from using, conveying or exploiting any confidential and/or trade secret information at all times for any purpose other than solely for the benefit of Plaintiff Ritani, LLC.

236.   As a result of the aforesaid acts of Defendant Aghjayan, on behalf of Defendant Companies, including but not limited to, Defendants' breach of contract, breach of fiduciary duty and/or tortious interference with Plaintiff's business relationships, Defendants have and will continue to unjustly receive a benefit from customers or potential customers of Plaintiff Ritani, LLC.

237.   Defendants have also obtained property and/or rights in property through the inequitable and wrongful acts set out in detail above, including breaches of fiduciary duties and the misuse of Plaintiff's resources and confidential information.

238.   The property and/or rights in property that Defendants obtained includes derivative works based on Plaintiff's copyrighted designs.

239.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains without just compensation to Plaintiff to which they are not in law or equity entitled.

240.   As a direct and proximate result of Defendants' acts described herein, Plaintiff Ritani, LLC has suffered irreparable harm, for which there is no adequate remedy at law.

241. A constructive trust in favor of Plaintiff should be imposed upon the unjust benefits received by Defendants from any customers or potential customers of Plaintiff as a result of Defendants' breach of these duties owed to Plaintiff, upon any consideration that Defendants have received in the sale of jewelry based on the copyrighted designs, including derivative works thereto, and upon any rights arising out of the derivative works based on the copyrighted designs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ritani, LLC demands judgment jointly and severally against Defendants Harout Aghjayan; Harout R, LLC; H. Ritani, Inc.; H. Ritani, LLC; H. Ritani, Corp. and Amazing Settings as follows:

1.     Finding that (i) Defendants have violated the Copyright Laws of the United States of America (17 U.S.C. §§ 101 and 501, et seq.); (ii) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (iii) Defendants have engaged in deceptive acts and practices and false advertising under New York General Business Law §§ 349 and 350; (iv) Defendants have diluted the RITANI Trademarks in violation of New York General Business Law § 360-1; (v) Defendants have engaged in trademark infringement, unfair competition, misappropriation of trade secrets, tortious interference with business advantage, breach of the implied covenant not to solicit and reduce business goodwill, breach of contract and noncompetition; breach of the duty of loyalty and fiduciary duty and breach of the implied duty of good faith and fair dealing under New York common law; and (vi) Defendants have been

unjustly enriched in violation of New York common law, which requires the formation of a constructive trust.

2.   Granting an injunction and permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, from:

(a)   manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale or selling any products which bear the RITANI Trademarks, or any other mark substantially or confusingly similar thereto, and engaging in any other activity constituting an infringement of any of Plaintiff's rights in the RITANI Trademarks, or any other trademark owned by Plaintiff Ritani, LLC;

(b)   manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale or selling any products which infringe the Ritani Designs, or are substantially or confusingly similar thereto, and engaging in any other activity constituting an infringement of any of the Ritani Designs owned by Plaintiff Ritani, LLC;

(c)   manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale or selling any products which embody or contain Plaintiff's trade secrets and/or other confidential or proprietary information of Plaintiff Ritani, LLC;

(d)   using in any manner the name "Ritani" in connection with the manufacture, sale, promotion and distribution of Defendants' jewelry products and/or the operation of the business of Defendants;

(e)   engaging in any other activity constituting unfair competition with Plaintiff, further interference with Plaintiff's business relations or any other acts and practices that deceive the public and/or the trade;

(f)     breaching Defendants' implied covenant not to solicit customers from and reduce the business goodwill of Plaintiff Ritani, LLC and from breaching the duty of loyalty and fiduciary duty and the duty of good faith and fair dealing; and

(g)     engaging in any activity that will cause the distinctiveness of the RITANI Trademarks to be diluted.

3.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale or sold by Defendants, has been authorized by Plaintiff, or is related to or associated in any way with Plaintiff or its products.

4.     Directing that Defendants account to and pay over to Plaintiff Ritani, LLC all profits realized by their wrongful acts in accordance with the Copyright Laws of the United States of America (17 U.S.C. § 504).

5.     At its election, awarding Plaintiff Ritani, LLC statutory damages, including damages for willful conduct, in accordance with the Copyright Laws of the United States of America (17 U.S.C. § 504).

6.     Awarding Plaintiff Ritani, LLC its actual damages in accordance with the Copyright Laws of the United States of America (17 U.S.C. § 504).

7.     Awarding Plaintiff Ritani, LLC its costs and attorney's fees to the full extent provided for by the Copyright Laws of the United States of America (17 U.S.C. § 505).

8.     Directing that Defendants account to and pay over to Plaintiff Ritani, LLC all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act (15 U.S.C.§ 1117).

9.      At its election, awarding Plaintiff Ritani, LLC statutory damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

10.     Awarding Plaintiff Ritani, LLC its actual damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

11.     Awarding Plaintiff Ritani, LLC its costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act (15 U.S.C. § 1117).

12.     Awarding Plaintiff Ritani, LLC injunctive relief, actual damages, exemplary damages, punitive damages and attorneys' fees for Defendants' misappropriation of Plaintiff Ritani, LLC's trade secrets.

13.     Awarding Plaintiff Ritani, LLC a reasonable royalty for Defendants' use of Plaintiff's trade secrets.

14.     Awarding Plaintiff Ritani, LLC damages in the form of restitution for Defendants' unjust enrichment resulting from their conduct.

15.     Granting Plaintiff Ritani, LLC's request that a constructive trust in favor of Plaintiff be imposed upon the unjust benefits received, and rights acquired, by Defendants.

16.     Directing that Defendants account to Plaintiff for all gains, profits, and advantages derived from Defendants' wrongful acts, including but not limited to, Defendants tortious interference with business advantage; breach of the implied covenant not to solicit and reduce business goodwill; breach of contract and noncompetition; breach of the duty of loyalty and fiduciary duty; and breach of the implied covenant of good faith and fair dealing under New York common law; and that Plaintiff recover from Defendants damages in a sum not presently known but to be determined at trial.

17.     Requiring Defendants to deliver to Plaintiff for destruction or other disposition all remaining inventory of all products that infringe the Ritani Designs and/or Ritani Trademarks, or that use the RITANI Trade Name and/or RITANI brand, including all advertising, promotional and marketing materials, as well as all means of making the same, and to issue corrective advertising and public notices as to the origin of the Ritani Designs and RITANI Trademarks and to ameliorate the false and misleading information that Defendants have promulgated.

18.     Requiring Defendants to remove from their website at domain name *www.haroutr.com* all advertising, promotional, and marketing materials and information bearing or incorporating the Ritani Trade Name, Ritani Designs, Ritani Trademarks and/or the Ritani brand.

19.     Directing a change in the name of Defendants H. Ritani, LLC and H. Ritani, Corp. to another and dissimilar name not employing the word "Ritani."

20.     Awarding Plaintiff Ritani, LLC pre-judgment interest on any monetary award made part of the judgment against Defendants.

21.     Awarding Plaintiff Ritani, LLC such additional and further relief as the Court deems just and proper.

Dated:  New York, New York          EDWARDS WILDMAN PALMER LLP
        December 7, 2011

                         By:
                                Rory J. Radding (RR 4042)
                                David I. Greenbaum (DG 6232)
                                Jennifer L. Dereka (JD 1577)
                                EDWARDS WILDMAN PALMER LLP
                                750 Lexington Avenue
                                New York, New York 10022
                                212.308.4411

                                *Attorneys for Plaintiff Ritani, LLC*