Rory J. Radding (RR 4042)
David I. Greenbaum (DG 6232)
Jennifer L. Dereka (JD 1577)
EDWARDS WILDMAN PALMER LLP
750 Lexington Avenue
New York, New York 10022
212.308.4411

*Attorneys for Plaintiff Ritani, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

RITANI, LLC,

        Plaintiff,

  -against-

HAROUT AGHJAYAN; HAROUT R, LLC; H. RITANI, INC.; H. RITANI, LLC; H. RITANI, CORP.; and AMAZING SETTINGS, LLP

        Defendants.

------------------------------------ X

Index No. 11-CV-8928 (RWS)(GWG)

ECF CASE
FILED ELECTRONICALLY

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
<u>FOR LEAVE TO AMEND THE COMPLAINT</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1
INTRODUCTION AND BACKGROUND FACTS ............................................................... 1
ARGUMENT ............................................................................................................................ 4
        I.     Legal Standard ........................................................................................................ 4
       II.    Allowing Ritani to Amend the Complaint Will Not Cause Excessive Delay ........ 4
      III.   Allowing Ritani to Amend the Complaint Will Not Prejudice Defendants ........... 5
      IV.   Ritani's Amendment is not Futile ......................................................................... 6
             A.    Breach of Contract ..................................................................................... 7
             B.    Misappropriation of Trade Secrets ............................................................ 9
             C.    Breach of Fiduciary Duty and Duty of Loyalty ...................................... 10
             D.    Additional Statutory and Common Law Claims ..................................... 12
       V.    Conclusion ........................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Am. Bldg. Maint. Co. of N.Y. v. Acme Prop. Services, Inc.,
 515 F. Supp. 2d 298, 312-313 (N.D.N.Y. 2007)...............................................................11

Anderson News, L.L.C. v. American Media, Inc.,
 2012 WL 1085948, at *19 (2d Cir. Apr. 3, 2012) ................................................................4

Block v. First Blood Assocs.,
 988 F.2d 344 (2d Cir. 1993)................................................................................................5

Cardiocall, Inc. v. Serling,
 492 F. Supp. 2d 139, 149-150 (E.D.N.Y. 2007)................................................................11

CBS Corp. v. Dumsday,
 702 N.Y.S.2d 248, 251 (1st Dep't 2000)...........................................................................11

De Long Corp. v. Lucas,
 278 F.2d 804, 808-09 (2d Cir. 1960) ..................................................................................8

Don Buchwald & Assocs., v. Marber-Rich et al.,
 782 N.Y.S.2d 725, 727 (1st Dep't 2004)...........................................................................11

Forman v. Davis,
 371 U.S. 178 (1962)............................................................................................................4

Friedl v. City of New York,
 210 F.3d 79, 87 (2d Cir. 2000).........................................................................................4, 5

Harsco Corp v. Segui,
 91 F.3d 337, 348 (2d Cir. 1996)..........................................................................................7

JA Apparel Corp. v. Abboud,
 591 F. Supp. 2d. 306, 342-343 (S.D.N.Y. 2008) ................................................................8

Keehan v. Keehan,
 96 Civ. 2481, 2000 U.S. Dist. LEXIS 5369, *13 (S.D.N.Y. April 25, 2000)...........................11

Laro Maint. Corp. v. Culkin,
 700 N.Y.S.2d 490 (2d Dep't 1999) ...................................................................................11

Monahan v. New York City Dep't of Corrections,
 214 F.3d 275, 283 (2d Cir. 2000).......................................................................................4

N. Atl. Instruments, Inc. v. Haber,
    188 F.3d 38, 43-44 (2d Cir. 1999) ........................................................................... 10

Parker v. Columbia Pictures Indus.,
    204 F.3d 326 (2d Cir. 2000) ...................................................................................... 4

Penrose Computer Marketgroup, Inc. v. Camin,
    682 F. Supp. 2d 202, 215 (N.D.N.Y 2010) .............................................................. 11

Phansalkar v. Andersen Weinroth & Co., L.P.,
    344 F.3d 184, 200 (2d Cir. 2003) ............................................................................ 10

Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp LLC,
    813 F. Supp. 2d 489, 521 (S.D.N.Y. 2011) ........................................................ 10, 11

Sofitel, Inc. v. Dragon Med. & Scientific Commc'ns., Inc.,
    118 F.3d 955, 968 (2d Cir. 1997) ............................................................................ 10

Touchtunes Music Corp. v. Rowe Int'l Corp.,
    2012 WL 847274, at *13 (S.D.N.Y. Mar. 13, 2012) ................................................. 4

Weiss/Watson, Inc. v. Lange,
    1990 U.S. Dist. LEXIS 3065, at *6-7 (S.D.N.Y. Mar. 20, 1990) ............................ 11

World Auto Parts, Inc. v. Labenski,
    629 N.Y.S.2d 896 (4th Dept. 1995) ........................................................................... 8

Worldwide Home Products, Inc., v. Time, Inc.,
    2012 U.S. Dist. Lexis 56631, at *6 (S.D.N.Y. Apr. 20, 2012) ........................... 5, 6, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 7

Fed. R. Civ. P. 15(a) ..................................................................................................... 2, 4

Fed. R. Civ. P. 15(a)(2) ................................................................................................ 4, 13

**PRELIMINARY STATEMENT**

The instant action was filed on November 29, 2011 against Defendant Harout Aghjayan and Defendant Companies, Harout R, LLC; H. Ritani, Inc.; H. Ritani, LLC; H. Ritani, Corp; and Amazing Settings, LLP, seeking relief from damages suffered by Plaintiff Ritani, LLC ("Ritani") as a result of numerous acts of misconduct by Defendants including, but not limited to, copyright and trademark infringement, misappropriation of trade secrets, breach of fiduciary duty, breach of contract and unfair competition. On February 6, 2012, Defendants filed a motion to dismiss the entirety of the Complaint, which Ritani opposed, and such motion is currently pending before this Court. (Dkts. 12, 14, 15). Based upon new evidence that recently came to light within the past month, Ritani hereby seeks leave to amend the Complaint to obviate the need for the Court to decide Defendants' motion to dismiss. The proposed Amended Complaint is filed herewith as Exhibit 1. A redlined version of the proposed Amended Complaint showing the changes made by the proposed amendment is attached as Exhibit 2.

**INTRODUCTION AND BACKGROUND FACTS**

Since the March 15, 2012 hearing on Defendants' motion to dismiss, new evidence that recently came to light within the past month reveals the intentional and calculating nature of Defendants' actions and the magnitude of the misconduct undertaken by Defendant Aghjayan. Beginning at least as early as 2008, while President, CEO and chief designer at Ritani and continuing thereafter, Defendant Aghjayan deliberately set forth on a plan to take advantage of his position of trust and confidence at Ritani to unlawfully create his own business to directly compete with Ritani through the use of Ritani's trade secrets and confidential design files. In fact, notwithstanding his apparent recognition of his obligations to Ritani, Defendant Aghjayan knowingly and willfully worked to hide his wrongdoing by using false names and the help of an accomplice – his wife Shawndria Aghjayan – to further his plans to enter into the United States

market, where he now is currently selling in direct competition with Ritani, through Defendants Amazing Settings and Harout R. Defendant Aghjayan engaged in this behavior despite the fact that he owed a duty of utmost good faith and complete and undivided loyalty to Ritani, its goodwill and reputation, as well as being expressly bound by the terms of his Employment Agreement to refrain from engaging in such competitive activities.

Specifically, this new evidence confirms that, while working for Ritani, Defendant Aghjayan was engaged in the following activities in breach of his fiduciary duty of loyalty, including but not limited to: (a) partnering with a third party, Mr. Khatchadorian, to manufacture custom bridal engagement rings and wedding bands in China for the sole purpose of having a competing business to sell such jewelry in the United States; (b) diverting Ritani's business opportunities to a third party by providing Mr. Khatchadorian with jewelry designs prepared by Defendant Aghjayan while working for Ritani for the use and benefit of their competing business; (c) pursuing overseas manufacturing opportunities in China to further the business affairs of another; (d) disclosing Ritani's, by email and otherwise, confidential and/or trade secret CAD CAM drawings and design files to a third party including Mr. Khatchadorian; and (e) using Ritani's confidential and/or trade secret designs to form a business and create jewelry styles to compete directly with Ritani in the United States market.

Ritani moves to amend the Complaint under Federal Rule of Civil Procedure 15(a) to essentially do three things. First, Ritani seeks to add significant factual details to the Complaint that further substantiate, in very specific terms, the extensive wrongdoing the Defendants engaged in by misappropriating Ritani's confidential information and trade secrets and, in the case of Defendant Harout Aghjayan ("Harout"), unlawfully competing with Ritani in violation of his contractual obligations and common law fiduciary duties. This proposed amendment

-2-
NYC 421383

includes specific allegations that have come to light only in the past month from discussions with Alexan Khatchadorian - a business partner of Harout in China – who was directly involved in Harout's efforts to unlawfully set up competing businesses while Harout was still employed as Ritani's President, CEO and chief designer, as well as during his non-compete period. Importantly, the Defendants have no good faith basis to object to these new allegations, given their prior complaints in their motion to dismiss papers, *inter alia*, that too many of Ritani's allegations (in their view) were based "on information and belief." While Ritani still maintains that its prior pleading is and was perfectly acceptable, the new allegations further bolster Plaintiff's claims and remove almost all use of pleading "on information and belief."

Second, Ritani seeks to add a new Defendant, Harout's wife, Shawndria Aghjayan ("Shawndria"), who was actively involved in the scheme by Harout and the other Defendants to steal and use Ritani's confidential information and trade secrets. Ritani only learned of the extent of Shawndria's involvement this past month. Therefore, the addition of Shawndria as a Defendant is timely, especially given that discovery has not yet commenced.

Finally, Ritani's proposed Amended Complaint makes some "housekeeping" changes, such as removing certain state causes of action including: NY GBL § 349, unjust enrichment, breach of the implied duty of good faith and fair dealing, and constructive trust - converting unjust enrichment and constructive trust into remedies for requested relief instead of separate causes of action. The removal of these causes of action should not be controversial as they eliminate the need for any decision on the pending Motion to Dismiss the original Complaint.

Significantly, all of the proposed amendments to the Complaint are being offered in a timely manner, before discovery has commenced, and almost immediately after Ritani learned of the details of the factual allegations in the proposed amendment. Defendants are not prejudiced

and the amendment is not futile. Accordingly, this Court should allow Ritani leave to amend the Complaint as set forth in the proposed Amended Complaint filed herewith.

## ARGUMENT

### I. Legal Standard

"When a party requests leave to amend its Complaint, permission generally should be freely granted." Anderson News, L.L.C. v. American Media, Inc., 2012 WL 1085948, at *19 (2d Cir. Apr. 3, 2012) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Fed. R. Civ. P. 15(a)(2). According to the Second Circuit, "[t]he Rule reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, and 'mere technicalities' should not prevent cases from being decided on the merits." Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 283 (2d Cir. 2000) (internal citations omitted). Leave to amend should be granted unless factors such as excessive delay, prejudice to the opposing party, or futility are present. Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000). None of these factors exists here, and therefore, the Court should permit Ritani to amend its Complaint in the form filed herewith. (Exh. 1)

### II. Allowing Ritani to Amend the Complaint Will Not Cause Excessive Delay

Granting Ritani leave to amend the Complaint will not cause excessive delay. "[M]ere delay is not, of itself, sufficient to justify denial of a Rule 15(a) motion." Touchtunes Music Corp. v. Rowe Int'l Corp., 2012 WL 847274, at *13 (S.D.N.Y. Mar. 13, 2012) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000)) (internal quotation omitted). Furthermore, the Second Circuit has recognized that not allowing a party to amend its Complaint to allege new facts that have recently come to light can constitute reversible error. In Friedl, the Second Circuit reversed the district court's denial of a motion to amend the Complaint. 210 F.3d

-4-

NYC 421383

at 87-88. The court reasoned that there was no excessive delay "given that the amendment was proposed only after discovery revealed additional relevant facts." Id. at 88.

Here, Ritani is moving for leave to amend based on facts that were brought to its attention within the past month. Thus, it is hard to imagine how the proposed amendment could be any more timely. Indeed, here, the proposed amendment comes before discovery or entry of a scheduling order. Thus, given that the proposed amendment in Friedl - *after* the start of discovery - was not deemed to be excessively delayed, *a fortiori* any delay caused by allowing Ritani to amend the Complaint *before* discovery upon the learning of additional relevant facts is not excessive. Therefore, this Court should allow Ritani's motion for leave to amend.

### III. Allowing Ritani to Amend the Complaint Will Not Prejudice Defendants

Granting Ritani leave to amend the Complaint will not improperly prejudice the defendants. "A proposed amendment may trigger unacceptable prejudice when it will (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [opponent] from bringing a timely action in another jurisdiction." Worldwide Home Products, Inc., v. Time, Inc., 2012 U.S. Dist. Lexis 56631, at *6 (S.D.N.Y. Apr. 20, 2012) (citing Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (internal quotation omitted)).

Here, Ritani is seeking leave to amend before any discovery has started, based on recently uncovered evidence. Further, Ritani's proposed amendment would not add any new claims or causes of action; in fact, the proposed amendment streamlines the case and removes four causes of action (Deceptive Acts and Practices under NY GBL § 349, unjust enrichment, breach of the implied duty of good faith and fair dealing and constructive trust). Along with adding Harout's wife Shawndria as a party, it would only add facts that are entirely consistent with (and more detailed than) the allegations made in the original Complaint. Such amplification

-5-
NYC 421383

of the allegations would not cause any prejudice to the Defendants, either by delaying resolution of the case or by significantly increasing the costs of litigating the case. To the contrary, having more specific pleadings helps make resolution and discovery more efficient by giving more notice to the Defendants of the conduct underlying the claims asserted in the Complaint.

Furthermore, allowing the addition of Shawndria as a defendant will *not* prejudice the Defendants, but will in fact make resolution of the claims against her and them *more* efficient. If this Court were to deny Plaintiff's request for leave to add Shawndria as a Defendant, Ritani would have no other option but to file a separate lawsuit against Shawndria. As is evident from the proposed Amended Complaint, the allegations against and involving Shawndria are inextricably intertwined with those against Harout and the other Defendants, as they all arise out of the Defendants' scheme to improperly use Ritani's Confidential Information and to compete unlawfully with Ritani, among other things. See, e.g., Am. Compl. ¶¶ 49, 54-56, 58, 60-62, 64. Thus, it would be inefficient to have two cases running parallel tracks, with the parties engaging in duplicative discovery (as Harout and the other defendants would be necessary witnesses in any separate case against Shawndria). Thus, denying the motion for leave would in fact heighten the prejudice and burden on all parties (and the Court), while allowing the amendment will instead reduce any such burden.

Thus, none of the triggers for prejudice listed in <u>Worldwide Home Products</u> are present in this case. Indeed, the proposed amendment, if anything, will make the resolution of the claims against all Defendants (including proposed Defendant Shawndria) <u>more</u> efficient with respect to both time and money, and therefore this Court should allow the motion for leave to amend.

## IV. Ritani's Amendment is not Futile

Defendants cannot legitimately oppose the motion for leave to amend by contending that the proposed amendment renders the Complaint futile. "Futility generally turns on whether the

-6-

NYC 421383

proposed amended pleading states a viable claim. Thus, if the proposed new pleading could survive a Rule 12(b)(6) dismissal motion, it will generally not be deemed futile." <u>Worldwide Home Products</u>, 2012 U.S. Dist. Lexis 56631, at *5-6. As Ritani demonstrated in its opposition to the Defendants' motion to dismiss the original Complaint, the original Complaint more than adequately states claims for relief and puts the Defendants on notice of the claims against them. <u>See</u> Dkt. 14. The new allegations in the proposed Amended Complaint provide additional, concrete examples of the Defendants' conduct supporting Ritani's current claims for relief. The new allegations, based on recently uncovered facts, will replace almost all of the allegations in the Complaint that were pled "on information and belief." This is notable because so much of Defendants' motion to dismiss was premised on their mistaken belief that the allegations needed to be pled on more than "information and belief".[1] This proposed amendment does precisely that, reciting specific facts in lieu of allegations "on information and belief." The amendment will therefore lend further plausibility to each of Ritani's causes of action. Specifically, a review of the causes of action that the Defendants most vociferously argue were inadequately pled shows, by way of example, the additional heft that the proposed amendment provides to the Complaint.

    A.    **Breach of Contract**

Ritani's amendment will provide further support for its claims that Harout breached his Employment Agreements with Ritani. Breach of contract under New York Law requires: (1) the existence of an agreement; (2) adequate performance of the contract by plaintiff; (3) breach of contract by defendant; and (4) damages. <u>Harsco Corp v. Segui</u>, 91 F.3d 337, 348 (2d Cir. 1996).

---

[1] In their memorandum in support of their motion to dismiss, the defendants attack the following causes of action as insufficiently pled because some of the allegations are made on information and belief: copyright infringement, <u>see</u> Dkt. 12 at 8, trademark infringement (state and federal), <u>id.</u> at 14, misappropriation of trade secrets, <u>id.</u> at 22-23, breach of the implied covenant not to solicit, <u>id.</u> at 27, and breach of fiduciary duty of loyalty, <u>id.</u> at 30.

-7-
NYC 421383

With respect to a covenant not to compete, courts have held that certain activities done in preparation to compete constitute a breach of a non-compete provision in an employment agreement.  De Long Corp. v. Lucas, 278 F.2d 804, 808-09 (2d Cir. 1960) (defendant's development and engineering of devices during two year non-compete went beyond planning stages and constituted "exactly the kind of head start" the agreement was intended to prevent); JA Apparel Corp. v. Abboud, 591 F. Supp. 2d. 306, 342-343 (S.D.N.Y. 2008) (activities during the restricted period breached non-compete agreement); see also World Auto Parts, Inc. v. Labenski, 629 N.Y.S.2d 896 (4th Dept. 1995).

As alleged in the Complaint, Harout had a confidentiality provision in his 2004 Employment Agreement with Ritani stating:

> You [Harout] acknowledge that you have learned and/or may hereafter learn "Confidential Information" (as hereinafter defined) relating to Employer [Ritani, LLC] in a relationship of trust and confidence.. [sic] You agree that, during the Employment Term *and at all times thereafter*, all Confidential Information is and shall remain the property of or otherwise protectable by Employer.

Dkt. 1 and Am. Comp., Exhibit 9, ¶6(a)(1) (emphasis added).  Harout also had a non-compete clause, stating:

> [Y]ou hereby agree that, during the Employment Term hereof, and for one year thereafter, you will not, without Employer's prior written consent, (i) take a position where such Confidential Information may be used adversely to Employer's best interests, or (ii) directly or indirectly, as an employee, consultant or principal of any entity, be employed or engaged by or associated with any entity located in the United States which is engaged in the business of the Company and competes with the Company, or (iii) seek to divert the Company's business or opportunity to a third party.

Id. at ¶6(b).

The amendment will allege, *inter alia*, the following additional facts showing that Harout engaged in precisely the type of competitive behavior that breaches both the non-competition

and confidentiality clauses of his Employment Agreement including an addendum specifically relating to a customer "Blue Nile", while at Ritani and afterwards, thereby supporting the cause of action for breach of contract:

- While still president of Ritani, Harout recruited a partner in China, Alexan Khatchadorian, for the sole purpose of establishing a competing business to sell rings and wedding bands to customers in the United States.  Am. Compl. ¶¶ 57, 59, 63, 66, 72-75, 80.

- While still president of Ritani, Harout gave to a third party – Alexan Khatchadorian – Confidential Information in the form of Ritani's trade secret drawings and CAD/CAM files of Ritani's ring designs.  Id. ¶¶ 60, 63, 64, 65, 68, 71, 73, 75, 101.

- During the non-compete period, Harout began soliciting customers of Ritani, offering to sell them competing products which were then sold.  Id. ¶¶ 82, 84, 87-91.

- Harout began his preparations to compete with Ritani while conducting business as President of Ritani.  Id. ¶¶ 57-74.

Each of these allegations contain specific, detailed recitations of the competitive acts Harout engaged in and the manner in which he took Ritani's Confidential Information, all while he was prohibited from doing so by his Employment Agreement.  Thus, the proposed Amended Complaint states a claim, and is therefore, not futile.

### B.     Misappropriation of Trade Secrets

Ritani's amendment also will bolster its claims that Harout misappropriated Ritani's trade secrets.  "A trade secret is any formula, pattern, device or compilation of information which is used in one's business, and which gives [the owner] an opportunity to obtain an advantage over

competitors who do not know or use it." Sofitel, Inc. v. Dragon Med. & Scientific Commc'ns., Inc., 118 F.3d 955, 968 (2d Cir. 1997) (internal citations omitted). To recover under New York law, a plaintiff must show that it possessed a trade secret and that defendants used the trade secret in breach of an agreement, confidential relationship or duty or by improper means of discovery. N. Atl. Instruments, Inc. v. Haber, 188 F.3d 38, 43-44 (2d Cir. 1999) (list containing identities and preferences of plaintiff's clients was a protectable trade secret).

The amendment will allege, *inter alia*, the following additional facts supporting the cause of action for misappropriation of trade secrets:

- Harout sent Ritani's confidential, trade secret designs to a third party in China, Alexan Khatchadorian. Am. Compl. ¶¶ 57, 60, 63-65, 68-69, 71, 73.

- Harout took specific trade secret designs rightfully belonging to Ritani and used them for his own company. Id. ¶¶ 63, 65, 68-69, 72, 73, 75.

Each of these allegations constitutes a specific, detailed recitation of the misappropriation that Harout and the Defendants engaged in, thereby stating a claim and making the proposed Amended Complaint not futile.

### C. Breach of Fiduciary Duty and Duty of Loyalty

Ritani's amendment also will provide further support for its claims that Harout breached his fiduciary duty and duty of loyalty. An employee has a duty of loyalty to his employer, which prohibits him "from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties." Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184, 200 (2d Cir. 2003); Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp LLC, 813 F. Supp. 2d 489, 521 (S.D.N.Y. 2011). An employee is not free to create a competing business prior to leaving his employment through

-10-

NYC 421383

the "improper use of the employer's time, facilities or proprietary secrets." Pure Power, 813 F. Supp. 2d at 521-522 ("when an employee uses an employer's proprietary or confidential information when establishing a competing business, the employee breaches his or her fiduciary duty to the employer."); Don Buchwald & Assocs., v. Marber-Rich et al., 782 N.Y.S.2d 725, 727 (1st Dep't 2004) (emphasis added). An employee is "not free to exploit the same trade if the opportunity was facilitated by acts of preparation and disloyalty during his employment and before his termination and by the breach of his obligation to use his best efforts in the interest of his employer." Cardiocall, Inc. v. Serling, 492 F. Supp. 2d 139, 149-150 (E.D.N.Y. 2007).

Moreover, officers and directors owe their corporation "undivided loyalty" and shall discharge their duties in good faith. Keehan v. Keehan, 96 Civ. 2481, 2000 U.S. Dist. LEXIS 5369, *13 (S.D.N.Y. April 25, 2000). As such, they must not engage "in the promotion of personal interests which are incompatible with the superior interests of their corporation." Id.[2] Importantly, this duty "exists as well after the employment is terminated as during its continuance." Penrose Computer Marketgroup, Inc. v. Camin, 682 F. Supp. 2d 202, 215 (N.D.N.Y 2010).

The amendment will allege, *inter alia*, the following additional facts supporting the cause of action for breach of fiduciary duty and the duty of loyalty:

- While employed as Ritani's president Harout partnered with a third party, Mr. Khatchadorian, to manufacture custom bridal engagement rings and wedding bands in

---

[2] See also Weiss/Watson, Inc. v. Lange, 1990 U.S. Dist. LEXIS 3065, at *6-7 (S.D.N.Y. Mar. 20, 1990) (conduct found sufficiently below standard of loyalty where officer worked on a proposal for her own benefit while still employed by plaintiff); Am. Bldg. Maint. Co. of N.Y. v. Acme Prop. Services, Inc., 515 F. Supp. 2d 298, 312-313 (N.D.N.Y. 2007) (allegations that Defendants negotiated with plaintiff's current and prospective clients for purposes of establishing a competing business during employment with plaintiff); CBS Corp. v. Dumsday, 702 N.Y.S.2d 248, 251 (1st Dep't 2000) (plaintiff claimed defendants breached their fiduciary duty, while employed by plaintiff, when they planned, and later formed, a competing company, which obtained a contract from plaintiff's customer using employer's confidential information); Laro Maint. Corp. v. Culkin, 700 N.Y.S.2d 490 (2d Dep't 1999); Cardiocall, 492 F. Supp 2d at 149-150 (misuse of special knowledge and confidential information gained while employed by Plaintiff to set up own competing business breached duty to Plaintiff).

China for the sole purpose of having a competing business to sell jewelry in the United States. Am. Comp. ¶¶ 57-61.

- While employed by, and the President of Ritani, Harout took designs rightfully belonging to Ritani and used them for his own company. Am. Comp. ¶¶ 63-65, 68-69, 72, 73.

- Harout discussed his new business venture with Mr. Khatchadorian while attending functions on behalf of Ritani. Am. Comp. ¶ 70.

As with the claims for breach of contract and misappropriation of trade secrets, the proposed amendment alleges these facts in great detail, adding to the already sufficient allegations of breach of fiduciary duty.

### D. Additional Statutory and Common Law Claims

In addition to the examples of how the proposed new allegations further support the causes of action for breach of contract, misappropriation of trade secrets, and breach of fiduciary duty, the same new factual allegations elaborate on the other statutory and common law claims Ritani brings against the Defendants. The proposed amendment gives detailed examples of exactly how Harout and the Defendant Companies copied Ritani's copyrighted designs, id. ¶¶ 63-65, 69, 73, used Ritani's trademarks (state and federal), id. ¶ 72, improperly solicited Ritani's customers, id. ¶¶ 82, 84, 88-91, and tortiously interfered with Ritani's business relationships with numerous customers. Id. In short, because the proposed new, specific, factual allegations underlie all the counts pled in the Complaint, this Court should conclude that all of the causes of action in the proposed Amended Complaint state a claim on which relief may be granted, and are therefore not futile.

## V. Conclusion

For the foregoing reasons, Plaintiff Ritani, LLC respectfully requests that this Court grant it leave to amend the Complaint in the form attached hereto, pursuant to Federal Rule of Civil Procedure 15(a)(2).

Dated: New York, New York  
       May 30, 2012

EDWARDS WILDMAN PALMER LLP

By:    */s/ Rory J. Radding*  
Rory J. Radding (RR 4042)  
David I. Greenbaum (DG 6232)  
Jennifer L. Dereka (JD 1577)  
EDWARDS WILDMAN PALMER LLP  
750 Lexington Avenue  
New York, New York 10022  
Telephone: 212.308.4411

*Attorneys for Plaintiff Ritani, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2012 a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT was served upon counsel for the Defendants listed below (by e-mail, electronic filing, First Class Mail):

> Erica B. Garay, Esq.
> Lynn M. Brown, Esq.
> egaray@msek.com
> lbrown@msek.com
> Meyer, Suozzi, English & Klein, P.C.
> 990 Stewart Avenue, Suite 300
> P.O. Box 9194
> Garden City, New York  11530-9194

>   /s/  Rory J. Radding
> Rory J. Radding
> EDWARDS WILDMAN PALMER LLP
> 750 Lexington Avenue
> New York, New York 10022
> Telephone:  212.308.4411
> E-mail:  rradding@edwardswildman.com