IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITANI, LLC,<br><br>    *Plaintiff*,<br><br>-against-<br><br>HAROUT AGHJAYAN; SHAWNDRIA AGHJAYAN; HAROUT R, LLC; H. RITANI, LLC; H. RITANI, CORP.; and AMAZING SETTINGS, LLP,<br><br>    *Defendants*. | Civil Action No. 11-cv-08928 (RWS)(GWG)<br><br>**Jury Trial Demanded** |

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

  Plaintiff Ritani, LLC ("Plaintiff" or "Ritani"), submits the instant reply memorandum of law in support of Plaintiff's motion for reconsideration of its Order of June 18, 2015 (*Dkt*. 218) granting the withdrawal of the law firm Meyer, Suozzi, English & Klein, P.C. ("MSEK") and its attorneys Erica Garay and Lynn Brown as attorneys of record for Defendants (and Counterclaim Plaintiffs) Harout Aghjayan, Shawndria Aghjayan, Harout R, LLC, H. Ritani, LLC, H. Ritani, Corp., and Amazing Settings, LLP, in the above-captioned matter as of that date.

Dated: July 27, 2015
   White Plains, New York

                     Respectfully submitted,

                     _____
                     Cameron S. Reuber
                     LEASON ELLIS LLP
                     One Barker Avenue, Fifth Floor
                     White Plains, New York 10601
                     Phone: (914) 288-0022
                     Fax: (914) 288-0023
                     Email: Reuber@LeasonEllis.com

                     *Attorneys for Plaintiffs*

I.      **Argument**

   **A.  MSEK Misconstrues the Federal Rules and Local Civil Rules**

The first issue to be addressed on reply is whether MSEK's motion to withdraw was granted prematurely.  MSEK argues that Plaintiff's reliance on Fed.R.Civ.P. 6(d) and Fed.R.Civ.P. 5(b)(2)(E) is "completely misplaced" (*Dkt*. 221 at 4), but fails to cite any authority to support its *ipse dixit*.  Indeed, despite MSEK devoting almost 4 pages of its brief to confuse a very simple procedural issue, MSEK's arguments are meritless on their face.

Judge Fox recently addressed this precise issue in connection with a motion filed under Fed.R.Civ.P. 56, which does not materially change the analysis for a Motion to Withdraw as Counsel, as here, filed under Local Rule 1.4.  That is, both motions fall within ambit of Local Civil Rule 6.1.  Judge Fox ruled as follows:

> "Local Civil Rule 6.1 of this court provides that, on a civil motion under Rule 56 of the Federal Rules of Civil Procedure, "any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers." Local Civil Rule 6.1(b). "In computing any period of time prescribed or allowed by the Local Civil Rules or the Local Admiralty and Maritime Rules, the provisions of Fed.R.Civ.P. 6 shall apply unless otherwise stated." Local Civil Rule 6.4. "A paper is served under [Rule 5] by ... sending it by electronic means if the person consented in writing-in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." Fed.R.Civ.P. 5(b)(2)(E). "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed.R.Civ.P. 6(d). "In cases assigned to the ECF [Electronic Case Filing] system, service is complete provided all parties receive a Notice of Electronic Filing (NEF), which is sent automatically by email from the Court. Transmission of the NEF constitutes service upon all Filing and Receiving Users who are listed as recipients of notice by electronic mail." Rule 9.1 of the Electronic Case Filing Rules & Instructions. This is an ECF action, which means that service is complete upon filing, provided all parties receive an NEF. *See* Rule 9.1 of the Electronic Case Filing Rules & Instructions of *this* court. The plaintiffs' motion papers were served when they were filed electronically, on November 25, 2014. The defendant had seventeen days after that date, namely until December 12, 2014, to serve its opposition papers. *See* Local Civil Rule 6.1(b), Fed.R.Civ.P. 6(d)."

*Interglobo Customs Broker, Inc. v. Herschel Imports, Inc.*, No. 14-CV-4995 KNF, 2015 WL 3756799, at *2 (S.D.N.Y. June 5, 2015).

As stated in Plaintiff's moving papers, the accuracy of which MSEK does not dispute, Local Civil Rule 6.1 applies to MSEK's motion to withdraw as counsel. Local Civil Rule 6.1(b) of this court provides fourteen days after service to serve opposition papers. Local Civil Rule 6.4 provides that Fed.R.Civ.P. 6 shall apply unless otherwise stated. MSEK does *not* argue that Local Civil Rule 6.4 does not apply to motions filed under Local Civil Rule 1.4. Accordingly, as service of MSEK's motion was effected under Rule 9.1 of the Electronic Case Filing Rules & Instructions for the Southern District of New York, Fed.R.Civ.P. 5(b)(2)(E) applies. Accordingly, three days should have been added after the opposition period would otherwise expire under Fed.R.Civ.P. 6(a) per Fed.R.Civ.P. 6(d). That is, MSEK's motion papers were served when they were filed electronically, on June 2, 2015. Plaintiff had seventeen days after that date, namely until June 19th, to serve its opposition papers. The Court granted the motion as unopposed and entered an order to that effect on June 18, 2015, *i.e.,* one day early. Plaintiff could not thereafter oppose a motion that had already been decided, making the instant motion for reconsideration the appropriate procedural mechanism to remedy the issue.

### B. MSEK Current Representations Concerning Discovery Contradict Its Prior Compelled Representations Concerning Discovery

The second issue to be addressed on rely is whether MSEK's further participation in this case is necessary based on the newly disclosed information concerning its prior representations concerning discovery. Fittingly, MSEK's Opposition papers supply yet *more* evidence that MSEK's further participation in this case is indeed necessary, if only to sort out a very confused record as to concerning Defendants' data stores. The first footnote of MSEK's briefs states, in relevant part, as follows:

> […] Further, to the extent Plaintiff asserts that 'an entire office full of computers owned and controlled by Defendants [...] was excluded entirely from the discovery process' (Pl. Mem. at 1), it actively misrepresents the facts. <u>In connection with the mediation this Court held in January 2013, materials from 'the Edgewater computers' were actually produced to Plaintiffs prior counsel, and since then, other</u>

<u>financial and sales information from those same computers has been produced to Plaintiffs current counsel</u>. Other examples of how Plaintiff substitutes hyperbole for fact abound (see discussion, *infra*), and demonstrate nothing more than that Plaintiffs recitation of the "pertinent facts" is anything but."

*Dkt*. 221 at 2, n. 1 (emphasis supplied).

MSEK, per the above representation, expressly indicates that "the Edgewater computers' were actually produced to Plaintiffs prior counsel." *Id*. Nevertheless, almost one year ago, Judge Gorenstein ordered MSEK to respond to Plaintiff's written questions concerning Defendants' data stores. MSEK complied on July 24, 2014. *See* Exhibit 1, MSEK Disclosure of July 24, 2014. Plaintiff identified the known universe of ESI it had been able to ascertain through discovery and served the following written question (Question 2) on MSEK:

"Are Defendants aware of any other sources of electronically stored information (ESI) within Defendants' possession, custody, or control beyond the following: (i) the desktop hard-drive imaged by BIA; (ii) the laptop hard-drive imaged by BIA; and (iii) the webmail servers of Google, Yahoo, and Verizon for the following accounts: aghjayan@gmail.com; amaz1010@gmail.com; platinum1010@gmail.com; shawndria007@gmail.com; shawndriaritani@yahoo.com; aghjayanh@yahoo.com; and harout3@verizon.net?"

MSEK's response, as attached to an email forwarded by Lynn Brown of MSEK states, in relevant part, as follows:

"Defendants object to this question on the ground that it assumes facts and is argumentative (precisely what the Court found was improper about Plaintiffs prior set of questions, which it ruled Defendants need not answer (June 18,2014 Tr. at 42-43)), and is vague and ambiguous. Defendants further object to this question on the ground that it is unlimited as to time period and asks about Defendants' present level of awareness and current sources of electronically stored information, which is completely irrelevant and not likely to lead to the discovery of relevant evidence. Subject to and without waiving the foregoing objections, <u>Defendants state that at the inception of this lawsuit, Defendants were using, and had within their possession, custody and control, only one desk top and one laptop computer. The hard drives of both the desk top and laptop were imaged by their then ESI consultant, BIA, in August 2012</u>. Defendants never had in their possession, custody or control at any time, including during the relevant period herein, the webmail servers of Google, Yahoo and Verizon. […]."

Exhibit 1, MSEK Disclosure of July 24, 2014, at 2.

{10055/608847-000/01337646.1}

-3-

Obviously, MSEK's representations to Plaintiff concerning the universe of Defendants' ESI on July 24, 2014 materially differ from their representations to the Court on July 24, 2015 in its opposition papers. Defense counsel resisted meaningful participation in that dialogue until being ordered to comply on May 21, 2015. *See Dkt*. 216, Official Transcript of May 21, 2015 Discovery Hearing. Notably, as of this writing, Defendants' have <u>not</u> complied with this Order, which compliance was originally ordered occur by June 2, 2015, and instead of have sought numerous requests for extensions and patience on the part of Plaintiff. That is, Plaintiff still has no understanding of (i) what data stores exist in the Edgewater Facility or (ii) why the Edgewater facility was excluded from prior disclosure to Plaintiff as a source of ESI. MSEK (and only MSEK) can answer the latter issue.

**II.     Conclusion**

Wherefore, Plaintiff's motion for reconsideration should be granted because (i) Plaintiff was not afforded the minimum time allowable by rule to oppose MSEK's motion and (ii) new evidence indicates that MSEK (and only MSEK) possesses firsthand knowledge necessary for the adjudication of prior identified discovery deficiencies by Defendants as well as compliance with this Court's prior orders.

Dated: July 27, 2015
       White Plains, New York          Respectfully submitted,

                                                      Cameron S. Reuber
                                                      LEASON ELLIS LLP
                                                      One Barker Avenue, Fifth Floor
                                                      White Plains, New York 10601
                                                      Phone: (914) 288-0022
                                                      Fax:  (914) 288-0023
                                                      Email: Reuber@LeasonEllis.com

                                                      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

It is hereby certified that on July 27, 2015 a true and correct copy of the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION** was served by e-mail upon the following persons:

**Patrick Papalia**
Archer & Greiner, P.C (NJ2)
21 Main Street, Suite 353
Court Plaza South East
Hackensack, NJ 07601
ppapalia@archerlaw.com

**Erica B. Garay**
**Lynn M. Brown**
Meyer, Suozzi, English & Klein, P.C.
990 Stewart Ave. - Suite 300
P.O. Box 9194
Garden City, NY 11530-9194
egaray@msek.com
lbrown@msek.com

_____
Cameron S. Reuber
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax: (914) 288-0023
Email: Reuber@LeasonEllis.com

*Attorneys for Plaintiff*